**June Macak, Plaintiff-Appellant, v. Continental Baking Company, a Corporation, Defendant-Appellee.**

**Gen. No. 51,152.**

First District, Third Division.

February 8, 1968.

Herbert P. Veldenz and Bennett & Yangas, of Chicago Herbert P. Veldenz, Louis Yangas, and Vera E. Cuthbert, of counsel), for appellant.

Hubbard, Hubbard, O'Brien & Hall, of Chicago (Alvin G. Hubbard, Reese Hubbard, and Frederick W. Temple, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff sues to recover for injuries resulting from a collision between an automobile driven by her and a

truck driven by defendant's agent. The jury returned a verdict for the defendant, the court entered judgment thereon and the plaintiff appeals. Plaintiff charges that the court erred in certain of its rulings on instructions and evidence and in overruling the motion for new trial.

The accident occurred at about 4:00 p. m. on December 12, 1958, at the intersection of 57th Street and California Avenue in the City of Chicago. Frederick Sacchi, a delivery man for the defendant, was driving west on 57th Street, heading for the company garage. Plaintiff was driving north on California Avenue on her way to pick up her husband at his place of work. 57th Street is about 30 feet wide and has a stop sign for westbound traffic.

Sacchi testified that he began to apply his brakes about 100 feet from the stop sign; that at that time his truck was moving at a speed of nine to ten miles an hour, that "the truck was slowing down fine," and that he was braking lightly so as not to skid. When he was about a car length from the stop sign, he saw the plaintiff's car on California Avenue about two car lengths south of the intersection. He estimated that her car was going 20 to 25 miles an hour and said he had slowed down to five miles an hour. He further testified that at that point he hit a spot in the street and it "just seemed that I lost all my traction. . . . " The truck slid into the intersection where it collided with the plaintiff's car. Sacchi testified that at the point of collision the truck was going about two miles an hour and that it was stopped by the impact, but that plaintiff's car skidded into a tree on California Avenue about one car length north of the intersection.

The investigating police officer who arrived at the scene of the accident an hour after it occurred testified that when he got there, California Avenue was slushy with snow which had been falling for two days; that 57th Street was covered with snow and was icy; that imme-

diately east of the stop sign on 57th Street there was a patch of ice which extended eastward from 15 to 25 feet; and that the ice was as slick as glass and concealed by a light covering of snow.

Mrs. Macak testified that at the time she entered the intersection she was traveling about 15 miles an hour, that the truck was also traveling about 15 miles an hour and that California Avenue was clear. She stated that the impact of the collision threw her around inside her car and caused her to black out for a minute. She sat in the car about ten minutes and then transferred her groceries to a taxicab and went to a tavern at 52nd Street and Western Avenue where she called her daughter, the police and her husband. She returned to the scene of the accident where she talked with the truck driver and the police. From there her daughter drove her to Holy Cross Hospital where she was examined by an intern and released.

On appeal, plaintiff contends that the lower court erred in instructing the jury. Over plaintiff's objection the court gave defendant's Instruction No. 3 which set out the Illinois statute regarding general speed restrictions (Ill Rev Stats, c 95½, §§ 146–149 (1965)) and then instructed the jury on the effect to be given that statute, as follows:

> "If you find from a preponderance of evidence that the plaintiff violated said statute and that she was negligent in so doing and that such negligence, if any, on the part of the plaintiff proximately caused the occurrence in question, then you may find in favor of the defendants."

Plaintiff contends it was error to give that instruction when Illinois Pattern Jury Instructions contains an instruction on the same subject. The pattern instruction is as follows:

"If you decide that (a party) (the parties) violated the (statute) (ordinance) in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether or not (a party) (the parties) (was) (were) (contributorily) negligent before and at the time of the occurrence." IPI No. 60.01.

Pattern jury instructions were devised to induce the use of instructions impartially prepared and free of argumentative language. Supreme Court Rule 25.1(a) requires the use of IPI instructions by both sides whenever the court determines that the jury should be instructed on the issue in question and an IPI instruction is applicable. (Ill Rev Stats, c 110, § 101.25–1(a) (1965).) In the instant case the court determined that an instruction on violation of the statute was appropriate. IPI No. 60.01 gives an instruction on violation of the statute which is free from argument and which does not single out one party. Defendant's Instruction No. 3 is written so as to apply only to the plaintiff and as such is partial to the defendant. The trial court should have given IPI No. 60.01 rather than the slanted, partial instruction which it gave. In a case of close liability, as this one is, it was reversible error to give this improper instruction. Accordingly, the cause must be remanded for new trial.

Our disposition of this contention makes it unnecessary for us to decide plaintiff's other allegations of error.

The judgment is reversed and the cause is remanded for new trial and for such other and further proceedings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded.

DEMPSEY, P. J. and SULLIVAN, J., concur.