Ardath Seibert and William R. Seibert, Plaintiffs-Appellants, v. Frank J. Grana and Caroline Grana, Defendants-Appellees.

Gen. No. 52,462.

First District, First Division.

November 18, 1968.

Theodore L. Forsberg, of Chicago, for appellants.

Hubbard, Hubbard, O'Brien & Hall, of Chicago (Alvin G. Hubbard, Reese Hubbard and Frederick W. Temple, of counsel), for appellees.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This is an action in tort against the owner of an apartment building for personal injuries resulting from a fall by the plaintiff, Ardath Seibert, on the steps of the premises. The jury returned a verdict finding the issue for the defendants and this appeal followed.

In view of the fact that we have determined that this cause should be remanded for a new trial we briefly recite the evidence. On March 2, 1961, at 7:30 p. m., the plaintiff, Ardath Seibert, and her husband, William R. Seibert, visited Adele Gore, a tenant who lived on the second floor of the premises in question. At 11:00 p. m., the plaintiff and her husband left. They walked down a hall stairway leading to the entrance. The door at the entrance swings outward when opened. As a person leaves the premises he steps out and down onto a stoop. The door must be closed before it is possible to leave the stoop and continue to the front sidewalk. On the night in question the doorway light was not on and the plaintiff testified that it was very dark. As plaintiff's husband held the door open, the plaintiff stepped down onto the concrete stoop and then fell and was injured.

One of the main issues in this case was whether the defendants violated any duty owed to the plaintiffs. The applicable standard of care is composed of elements based upon the owner's operation and control of the premises and the Building Code of the City of Chicago, especially certain requirements for public safety. It is plaintiffs' contention that the jury was im-

properly instructed resulting in a conflict on the applicable standard of care.

The court gave plaintiffs' Instruction No. 15, an Illinois Pattern Instruction (IPI) approved instruction (IPI 120.06), which reads as follows: "The owner of property owed the plaintiffs the duty to exercise ordinary care to keep the property reasonably safe for use by the plaintiffs."

The court also gave defendants' Instruction No. 8, which was not an IPI Instruction. This instruction stated that:

> Owners are not insurers of the personal safety of the plaintiffs, but they are required to exercise ordinary care to make the premises as reasonably safe as may be consistent with the practical operation and maintenance of the premises.

There was a conference on instructions. There is a disagreement between counsel as to whether the plaintiffs had objected to the giving of defendants' Instruction No. 8, but we have carefully examined the record on this question and are satisfied that the court gave this instruction over the objection of the plaintiffs' attorney.

Supreme Court Rule 239(a) (formerly Supreme Court Rule 25-1) requires the use of IPI Instructions on a particular point unless the court determines that the IPI Instruction does not accurately state the law. The defendants argue that there is no inconsistency between defendants' Instruction No. 8 and plaintiffs' Instruction No. 15 in that "they say the same thing." In fact, the defendants argue that the instruction they offered, as modified by the court, is more favorable to plaintiffs than the IPI Instruction. We disagree.

■■ It is only when IPI does not contain a proper instruction on a subject that the court may give another instruction on the subject (Supreme Court Rule 239).

Here IPI contained a proper instruction on the question of standard of care. It is intelligible, clear, definite, concise, brief, unslanted and accurate. The court, however, also gave Instruction No. 8 on the standard of care. This instruction was partial and argumentative and violated all of the principles laid down by the committee that prepared the Illinois Pattern Instructions. Instruction No. 8 erroneously stated a different standard of care. An instruction erroneously defining the standard of care to be applied by the jury in a personal injury case constitutes reversible error. Cooper v. Cox, 31 Ill App2d 51, 57, 175 NE2d 651.

Plaintiffs also contend that the court improperly refused to give other instructions that were tendered. Upon retrial these matters should be reconsidered in the light of the evidence. Approved IPI Instructions should be used where applicable unless the court determines that the particular instructions do not accurately state the law.

■ For the reasons stated the judgment is reversed and the cause is remanded for a new trial.

Reversed and remanded.

ADESKO and MURPHY, JJ., concur.