2 Ill. App.3d 600 (1971)
276 N.E.2d 737
CARRIE WILLIAMSON, Plaintiff-Appellee,
v.
GERALD SWANK, Defendant-Appellant.
No. 71-38.
Illinois Appellate Court  Third District.
November 22, 1971.
Rehearing denied December 17, 1971.
*601 Bozeman, Neighbour, Patton & Noe, of Moline, (Robert J. Noe, of counsel,) for appellant.
Klockau, McCarthy, Schubert, Lousberg & Ellison, of Rock Island, (Peted H. Lousberg, and John R. Lewarne, of counsel,) for appellee.
Judgment affirmed.
Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
The cause before us originated from an incident in which plaintiff Carrie Williamson, a pedestrian, was struck by an automobile driven by defendant Gerald Swank at an intersection in the City of Rock Island on September 2, 1969. The action was tried by a jury and certain instructions were submitted by both plaintiff and defendant. The jury returned a verdict for defendant. The trial court, after consideration, granted a new trial on the premise that the court, in giving an instruction submitted by plaintiff as well as an instruction submitted by defendant, gave undue emphasis to the pedestrian's duty when facing a yellow or red light.
*602 At the conference on instructions, following the jury trial, defendant's instruction 5-A, based on I.P.I. 60.01 detailed those portions of 1967 Illinois Revised Statutes, Ch. 95 1/2, pars. 170 and 129 which provided that pedestrians are subject to traffic control signals at intersections, and also outlined a pedestrian's obligations when facing a yellow and red traffic light. The instruction concluded by stating that if the jury decided Carrie Williamson, the plaintiff, violated the statute on the occasion in question, they could consider that fact, together with all the other facts and circumstances in evidence, in determining whether or not Carrie Williamson was contributorily negligent before or at the time of the occurrence. Plaintiff's attorney objected to the last sentence singling out plaintiff by use of her name, and defendant withdrew the instruction stating that the name would be deleted and it would be changed to "a party". The court indicated that such instruction would be given as so modified.
Plaintiff tendered instruction 12-A, which was also modeled on I.P.I. 60.01, which set forth the portions of 1967 Illinois Revised Statutes, Ch. 95 1/2, par. 129, which outlined the obligations of both motorists and pedestrians, when facing green, yellow and red traffic lights. As originally tendered, plaintiff's instruction 12-A stated that violation of the Statute could be considered in determining whether a party was negligent, but did not mention contributory negligence.
At the conference on instructions, plaintiff's counsel objected to defendant's tendered instruction 5-A for the reason that it had been altered to favor one party over the other and did not refer to the obligation of the defendant, but only to the obligations imposed upon plaintiff by Section 129 referred to. Plaintiff contended that instruction 12-A was complete in reciting both the duties and obligations of motorists and pedestrians at intersections and was a proper and accurate instruction which governed traffic control devices at the intersection referred to. It was contended at that time that the instruction completely set forth respective duties of plaintiff and defendant. The only objection to this instruction was that defendant had not included the words "contributorily negligent".
The trial court then indicated that both instructions, i.e., defendant's 5-A and plaintiff's 12-A would be given. Plaintiff's counsel objected to the giving of such instructions because of the undue emphasis placed upon the duties of a pedestrian, since such duties were repeated in both tendered instructions. It is on the basis of such repetition that the trial court ordered a new trial. The issue before this court, therefore, is whether the granting of a new trial by the trial court was erroneous.
On appeal in this Court, defendant contends that the giving of the two instructions was not erroneous since defendant was entitled to instruction *603 5-A to have the jury instructed on its theory of the case, i.e., the possible contributory negligence of plaintiff. Defendant also contends that plaintiff's instruction 12-A was one-sided in that it omitted the contributory negligence aspect. Defendant contends that all elements of the case were included in the two instructions, even though not included in defendant's instruction 5-A. It is also contended that any error committed in the conduct of the trial was harmless, and further, that plaintiff could not complain of error which it is asserted plaintiff created.
 1-3 The courts of this State have frequently indicated that when a trial court exercises its discretion in ordering a new trial, such action should not be made a basis for reversal unless a clear abuse of discretion is affirmatively shown. As stated in Magnani v. Trogi, 70 Ill. App.2d 216, at 220:
"The purpose of vesting the trial judge with power to grant a new trial is to permit him, before losing jurisdiction of the case, to correct errors that he or the jury might have made during the course of the trial. Courts of review have repeatedly stated that they will not disturb the decision of a trial court on a motion for new trial unless a clear abuse of discretion is affirmatively shown. The reason for this rule is that the trial court has had the opportunity to consider the conduct of the trial as a whole, and therefore is in a superior position to consider the effects of errors which occurred, the fairness of the trial to all parties, and whether substantial justice was accomplished. * * * Greater latitude is allowed a trial court in granting a new trial than in denying a new trial. * * *."
 4, 5 The principle that trial courts are allowed a greater latitude in granting, rather than denying, a new trial has been emphasized many times. Courts of review are reluctant to review and reverse orders granting new trials and the power to do so is seldom exercised (Wagner v. Chicago Motor Coach Company, 228 Ill. App. 402, 404-406.) Reversal of such new trial orders is not directed unless the abuse is obvious or the trial court acted under a misapprehension or clearly erroneous understanding of the law. The fundamental principle is that a trial judge is allowed broad discretion in granting of a new trial and that his action in so doing will only be reversed where it affirmatively appears that he has clearly and palpably abused his discretion.
In Lombard Park District v. Chicago Title and Trust Company, 103 Ill. App.2d 1, the court upheld the principle of not disturbing the action of the trial court in granting a new trial, and stated that the trial court on reconsideration of its action, upon hearing the post-trial motion, correctly exercised such discretion. The court emphasized that the trial court is granted discretion in determining whether it should grant a new trial, *604 and its determination will not be disturbed unless it is clearly shown that there was an abuse of such discretion. It is also emphasized that greater latitude is allowed a trial court in granting a new trial than in denying one.
Relating the principles applicable to review of the action of a trial court in granting new trials, we note that both plaintiff's instruction 12-A and defendant's instruction 5-A emphasized the duties of the plaintiff as a pedestrian. Defendant's instruction 5-A did not cover the duties of a motorist but only the duties of the pedestrian, while plaintiff's instruction 12-A covered the duties of both the motorist and the pedestrian, as we have indicated. In Noncek v. Ram Tool Corp., 129 Ill. App.2d 320 (cited by defendant and plaintiff), there were two burden of proof instructions, but both instructions were accurate. We concluded, in that case, that there was no reversible error under the circumstances. Defendant there insisted upon a second burden of proof instruction, and, since the first burden of proof instruction was complete in correctly defining plaintiff's burden of proof, we did not believe it was consistent to reverse as the result of the giving of the second burden of proof instruction submitted by defendant.
 6 In the cause before us, however, defendant's instruction 5-A did not completely relate all statutory language governing intersection accidents, but specified only the duties of a pedestrian at an intersection. It omitted reference to duties of a motorist. As stated in Macak v. Continental Baking Company, 92 Ill. App.2d 63, 235 N.E.2d 855, referred to in the notes to I.P.I. 60.01, an instruction should not be modified so that it applies to one party only. The Macak case points out that an instruction on a statutory violation which singles out one party may be slanted, partial and argumentative and could constitute reversible error.
We have noted the case of Ryan v. Monson, 33 Ill. App.2d 406, 421-424, involving the rights of pedestrians. In that case there were two instructions, one of which recited a Chicago City Ordinance outlining the duties of persons approaching a crosswalk, and the second attempted to outline the duties under the State statute. These instructions, as tendered by defendant and given, mention only the duties of pedestrians and failed to include provisions of the ordinance and statute requiring motorists to exercise due care to avoid collisions with pedestrians upon any roadway. The court there found both instructions improper because they failed to completely inform the jury of all obligations under the statute, and, also, because the giving of both constituted undue repetition. It was pointed out in that case that undue emphasis should not be placed upon obligations imposed on any particular party.
 7, 8 In view, therefore, of the principles relating to consideration of *605 an order of a trial court granting a new trial by a court of review and on consideration of the instructions which were given, we do not believe that there was an abuse of discretion by the trial court in granting the new trial. We believe the trial court was right in concluding that the instructions gave undue emphasis to the duties imposed upon the plaintiff-pedestrian. The court had an obligation to instruct the jury properly, and, was in the best position to determine the effect of such repetition in the instructions on the jury.
We, also, do not believe that anything which has been presented to us on review indicates that the error was harmless. The basic issue before the court was whether or not plaintiff was guilty of contributory negligence and whether or not defendant was guilty of negligence. Undue emphasis on the duties of plaintiff, under the facts in the case, was not considered by the trial court to be harmless. We find no basis in the record for determining that such determination by the trial court was improper.
We likewise find no basis for reversing on the assertion that plaintiff induced the court's error. Plaintiff had requested the giving of one instruction which, if modified only by the addition of a reference to contributory negligence would have been complete in adapting I.P.I. 60.01 to the situation in the instant case. Plaintiff also objected firmly to the giving of both instructions on the ground that it would unduly emphasize the obligations of plaintiff. We, therefore, do not believe that the facts in this case are parallel to Noncek v. Ram Tool Corp., supra.
For the reasons stated, the order of the Circuit Court of Rock Island County will be affirmed.
Judgment affirmed.
SCOTT and DIXON, JJ., concur.