DOROTHY FRAVEL, Plaintiff-Appellant, v. EARL MORENZ, Indiv. and d/b/a Earl's Eisner Agency, Defendant-Appellee.

Fourth District   No. 4—86—0436

Opinion filed December 31, 1986.—Rehearing denied January 27, 1987.

Edward F. Flynn, of Greanias & Booth, of Decatur, for appellant.

Heyl, Royster, Voelker & Allen, of Springfield (John A. Ess, of counsel), for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:
The plaintiff, Dorothy Fravel, brought suit against the defendant, Earl Morenz, individually and doing business as Earl's Eisner Agency, for injuries she sustained when she fell while shopping. The jury rendered a verdict for the defendant and the court entered judgment thereon. The plaintiff appeals the order of the court, asserting that

44

the jury was improperly instructed on the standard of care. We reverse and remand for a new trial.

On December 4, 1983, the plaintiff, a 77-year-old woman, entered defendant's grocery store to purchase a few items. The plaintiff testified that as she turned to walk up aisle two, she paused to look at some items on a shelf nearby. At this time, the plaintiff claimed that her feet went out from underneath her and she fell to the floor. After the plaintiff fell, she noticed an oily liquid surrounding the floor area where she fell. The liquid was subsequently determined to be a furniture polish oil which was located on a shelf directly above the area where the plaintiff fell. Evidence indicated that the furniture polish had leaked from a defective bottle onto the shelf and floor.

An ambulance was called to transport the plaintiff to the hospital. The paramedic who arrived at the scene testified that he found the plaintiff sitting in a large pool of liquid. He claimed that the plaintiff had textbook symptoms of a fractured hip. The paramedic further stated that he encountered much difficulty in placing the plaintiff on the stretcher because the liquid pool surrounding the plaintiff was very slick thus making it difficult to maintain his footing.

At trial, the evidence deposition of plaintiff's doctor was presented to the jury to establish the nature and extent of the plaintiff's injuries. The details of this evidence, however, need not be reiterated as the amount of damage sustained is not relevant to this appeal.

There was much controversy surrounding the evidence of the defendant's procedures for inspection and maintenance of the store floors. There was also conflicting testimony with respect to the amount of time that had elapsed between a prior inspection of aisle two and the time of the plaintiff's fall. The case was eventually given to the jury on the sole issue of whether the defendant had constructive notice that there was furniture polish on the floor.

At the instructions conference, the plaintiff proposed modified Illinois Pattern Jury Instruction, Civil, No. 120.06 (2d ed. 1971) (hereinafter IPI Civil 2d):

> "The Defendant owed the plaintiff the duty of exercising ordinary care in maintaining the premises in a reasonably safe condition."

The court refused plaintiff's instruction and, over plaintiff's objection, gave defendant's non-IPI instruction No. 23, which states as follows:

> "A property owner is not a guarantor of the safety of his premises or persons upon such premises, and liability cannot be established merely by proving that an accident and injuries occurred to plaintiff while on those premises."

The court also, in conjunction with the above instruction, over plaintiff's objection, used defendant's instruction No. 12 (IPI Civil 2d No. 10.04), which states, in part:

"It was the duty of the defendant, before and at the time of the occurrence, to use ordinary care for the safety of the plaintiff."

The court made no mention of the defendant's duty to maintain the premises in a reasonably safe condition. On appeal, the plaintiff maintains that these jury instruction rulings misstated the standard of care required of the defendant, thus constituting reversible error.

■■■ It is a well-established principle of tort law that a proprietor of a business establishment owes the business invitee the duty of exercising ordinary care in maintaining the premises in a reasonably safe condition. (*Olinger v. Great Atlantic & Pacific Tea Co.* (1961), 21 Ill. 2d 469, 173 N.E.2d 443.) Consequently, a proprietor will be held liable for injuries sustained as a result of falls on his premises caused by slipping on a foreign substance when the substance is placed there by the negligence of the proprietor or his servant or if the substance was in place a sufficient length of time so that it reasonably should have been discovered. *Hayes v. Bailey* (1980), 80 Ill. App. 3d 1027, 400 N.E.2d 544.

■■ ■ The purpose of jury instructions is to convey to the minds of the jurors the correct principles of law applicable to the evidence submitted to them. (*LeMaster v. Chicago Rock Island & Pacific R.R. Co.* (1976), 35 Ill. App. 3d 1001, 1019, 343 N.E.2d 65, 80.) As such, the instructions presented must state the applicable law fairly and distinctly and not mislead the jury or prejudice a party. (*Sims v. Chicago Transit Authority* (1955), 7 Ill. App. 2d 21, 30, 129 N.E.2d 23, 27.) A jury instruction which erroneously defines the standard of care to be applied in a personal injury case constitutes reversible error. *Cooper v. Cox* (1961), 31 Ill. App. 2d 51, 57, 175 N.E.2d 651, 654.

■■ ■ The Illinois Pattern Jury Instructions were devised to induce the use of instructions which are impartially prepared and free of argumentative language. (*Macak v. Continental Baking Co.* (1968), 92 Ill. App. 2d 63, 235 N.E.2d 855.) Supreme Court Rule 239(a) (87 Ill. 2d R. 239(a)) requires the use of IPI instructions on a particular issue unless the court determines that it does not accurately state the law. (*Balestri v. Terminal Freight Cooperative Association* (1979), 76 Ill. 2d 451, 394 N.E.2d 391, *cert. denied* (1980), 444 U.S. 1018, 62 L. Ed. 2d 648, 100 S. Ct. 671.) It is only when IPI does not contain a proper instruction on the subject that the court may give another instruction on the subject. (*Seibert v. Grana* (1968), 102 Ill. App. 2d

283, 243 N.E.2d 538.) A non-IPI instruction should be simple, brief, impartial, and free from argument. 87 Ill. 2d R. 239.

In *Seibert*, a slip-and-fall case, over plaintiff's objection, the court instructed the jury:

" 'Owners are not insurers of the personal safety of the plaintiffs, but they are required to exercise ordinary care to make the premises as reasonably safe as may be consistent with the practical operation and maintenance of the premises.' " (102 Ill. App. 2d 283, 285, 243 N.E.2d 538, 540.)

The court, in remanding the case, stated that this instruction was partial and argumentative in violation of all principles underpinning the adoption of the pattern instructions. The cause was reversed even though IPI Civil No. 120.06 was also given.

Similarly in *Milford Canning Co. v. Central Illinois Public Service Co.* (1963), 39 Ill. App. 2d 258, 263, 188 N.E.2d 397, 400, the trial court instructed the jury that " 'defendant was not an insurer or a guarantor *** but *** was only under a duty to use ordinary care ***.' " On appeal, this instruction was found to constitute reversible error because the "instruction is argumentative in that it emphasizes that defendant was not an insurer, and minimizes its duty to exercise ordinary care." 39 Ill. App. 2d 258, 263, 188 N.E.2d 397, 400.

The defendant argues that the giving of IPI Civil 2d No. 10.04 cures the malady. It did not. *Seibert v. Grana* (1968), 102 Ill. App. 2d 283, 243 N.E.2d 538.

■ Although, in the case at hand, there appears no reason to modify IPI Civil 2d No. 120.06 (87 Ill. 2d R. 239(a)), the plaintiff submitted a modified IPI Civil 2d No. 120.06 instruction on the proper standard of care owed to a business invitee. The court, however, disregarded this instruction in favor of defendant's non-IPI instruction. As previously found in *Seibert* and *Milford Canning Co.*, the defendant's instruction was argumentative and highly prejudicial to the plaintiff, emphasizing that the defendant is not a guarantor of the safety of his premises and minimizing the defendant's duty of care. The court did not instruct the jury that the defendant was under a duty to exercise ordinary care in maintaining the premises in a reasonably safe condition. Consequently, the instructions given were not accurate statements of the applicable law thus warranting reversal.

Reversed and remanded.

LUND and KNECHT, JJ., concur.