BEVERLY J. TRIMBLE, Plaintiff-Appellant, v. OLYMPIC TAVERN, INC., d/b/a The Olympic Tavern, Defendant-Appellee.

Second District   No. 2—92—0340

Opinion filed January 6, 1993.

Robert H. Clark and Janet Clark Holmgren, both of Clark, McGreevy & Johnson, P.C., of Rockford, for appellant.

John W. France and Stephen E. Balogh, both of Williams & McCarthy, P.C., of Rockford, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, Beverly Trimble, appeals from a jury verdict entered in favor of the defendant, Olympic Tavern, Inc., doing business as the Olympic Tavern, where the plaintiff fell and was injured. On appeal, the plaintiff argues that the court erred in: (1) granting the defendant's motion *in limine* barring evidence of prior occurrences; (2) refusing a nonpattern instruction tendered by the plaintiff concerning a landowner's duty of care; and (3) admitting two climatological reports into evidence and allowing the exhibits to go to the jury during deliberations.

On June 9, 1989, at approximately 7 p.m., the plaintiff entered the Olympic Tavern (the tavern). Shortly thereafter, while exiting the tavern, the plaintiff fell and sustained a fracture of her right femur. On October 19, 1990, the plaintiff filed a complaint for damages against the defendant. She alleged that the entryway of the tavern was unreasonably dangerous and that the design and condition of the entryway caused her to fall. She also alleged, among other dangerous conditions, that the glass outer door faced west allowing the sunlight to enter the vestibule which made it difficult to see and observe the dangers.

Prior to the start of the trial, the plaintiff and the defendant filed motions *in limine*. The defendant sought, in part, to keep evidence of prior accidents at the tavern from being admitted at trial. The plaintiff, as part of her motion, sought to bar any reference to a lack of prior accidents or lack of notice of prior accidents, if the court barred evidence of prior occurrences. The trial court, after argument, granted the defendant's motion barring evidence of prior accidents. The court also granted the plaintiff's motion preventing the defendant from arguing a lack of prior accidents or lack of notice.

At the trial, the plaintiff described the entryway of the tavern as having an interior wooden door with a carpeted ramp that was approximately four feet long sloping toward an exterior glass door with

"weather stripping" (a threshold) on the carpeted floor near the glass door. From the glass door, there is a step downward. The plaintiff testified that it was necessary to step over the threshold to reach the sidewalk when exiting through the exterior glass door.

The plaintiff testified that she entered the tavern at approximately 7 p.m. to eat dinner. She described the restaurant as being dark and very crowded. Due to the long wait for a table, she decided not to eat there and proceeded to exit the tavern. She testified that she opened the interior wooden door to leave, noting that the light in the vestibule was "very bright" and that she had trouble seeing clearly. She descended the ramp and placed her hand on the exterior door. She vaguely saw people standing outside the door. They began pulling the door at approximately the same time she was pushing it. As a result, she was "pulled" out the door, with one foot moving forward and the other caught on the threshold. She fell on the sidewalk, causing her to fall in a "splits" position.

The plaintiff described the weather that night as a "warm summer evening," as "clear as a bell." She identified a photograph of the entryway taken on July 31, 1990, entered as plaintiff's exhibit No. 18. She testified that it accurately portrayed the lighting conditions at the time her fall occurred. Her restaurant companion also testified that the fall occurred on a sunlit day and that as they walked out of the entryway, "the sun was shining right in our eyes."

The plaintiff had an expert witness who testified that the failure of the tavern to have glare-resistant glass contributed to the plaintiff's fall. The expert's testimony and opinions were based, in part, on the photographs taken on July 31, 1990, which depicted "direct sunlight going right through the glass."

Contrary to the testimony of the plaintiff, the owner of the tavern testified-that June 9, 1989, was an unusually cool summer day and that it was completely overcast. At the close of its testimony, the defendant moved for the admission into evidence of two certified copies of weather reports for June 9, 1989, and July 31, 1990, as defendant's exhibits Nos. 7 and 8. The plaintiff objected on several grounds pertaining to the relevancy and confusing nature of the data in the weather charts. The trial court allowed both exhibits to be admitted into evidence and allowed the weather reports to go to the jury.

At the conference on jury instructions, both the plaintiff and defendant tendered nonpattern jury instructions concerning the duty of a landowner to those lawfully upon its premises. The trial court, over plaintiff's objection, gave defendant's instruction No. 18 concerning the duty of a landowner. At the conclusion of the trial, the jury

rendered a verdict against the plaintiff. The plaintiff filed a timely post-trial motion requesting a new trial. The motion was denied, and this appeal was timely filed.

We first address the issue of the motion *in limine* which barred evidence of prior accidents and evidence of a lack of prior accidents. The plaintiff argues that she should have been allowed to enter evidence of both similar and dissimilar prior accidents occurring at the tavern entryway.

In reviewing a court's grant of a motion *in limine*, a reviewing court should first consider whether the trial court properly applied the rules of evidence. (*Flath v. Madison Metal Services, Inc.* (1991), 212 Ill. App. 3d 367, 376.) If the court applied the law correctly, the reviewing court must then determine whether the trial court abused its discretion in granting the motion. *Flath*, 212 Ill. App. 3d at 376.

■■■ Evidence of prior occurrences is admissible at trial for two purposes: (1) to show the existence of a particular danger or hazard; or (2) to show defendant's notice of the generally hazardous nature of the accident site. (*Henderson v. Illinois Central Gulf R.R. Co.* (1983), 114 Ill. App. 3d 754, 758.) If the evidence is being offered to show the existence of a particular danger or hazard, then a foundation must be laid establishing the similarity between the prior accidents and the present accident. (*Henderson*, 114 Ill. App. 3d at 758.) Only similar accidents are relevant to show the existence of a particular danger. (*Henderson*, 114 Ill. App. 3d at 758.) It must also be clear (1) that the instrumentality which caused the danger in the earlier accidents was in substantially the same condition at the time such other accidents occurred as it was at the time of the accident complained of and (2) that the condition or thing shown to be the common cause of danger in such earlier accidents must be the condition or thing contributing to the danger of the accident complained of. *Simmons v. Aldi-Brenner Co.* (1987), 162 Ill. App. 3d 238, 246.

■ If the evidence of prior accidents is being offered only to show the defendant's notice of the generally hazardous nature of the accident site, the proponent does not have to establish a foundation showing the similarity between the prior accidents and the present accident. (*Henderson*, 114 Ill. App. 3d at 758.) Evidence of dissimilar prior accidents is relevant to the issue of whether the defendant knew the accident site was generally hazardous. (*Henderson*, 114 Ill. App. 3d at 758.) However, the proponent may not introduce details of the prior dissimilar accidents when he is offering the evidence only to show knowledge of the hazardous nature of the site. *Henderson*, 114 Ill. App. 3d at 758.

Here, the evidence of the accidents at the tavern came from several depositions. The deposition of Carolyn Alexander reveals that she claimed to have stumbled in the entryway to the tavern "a dozen and a half times." However, she could not articulate any specific date when she stumbled, nor could she remember a specific incident when the threshold caused her to stumble. She also stated that she never notified the tavern that she had ever stumbled.

Leona Goldy stated in her deposition that she stumbled coming out of the entryway, but that it was the step down from the doorway to the sidewalk that was the cause of her occurrence. She stated that the threshold was not a factor in her case. Additionally, she stated that when she stumbled, the configuration of the entryway was different from its configuration when the plaintiff fell. This rendered details of her prior falls inadmissible because the instrumentality was not, in her case, in substantially the same condition as when the plaintiff's accident occurred. (See *Simmons*, 162 Ill. App. 3d at 246.) Leona Goldy additionally did not inform the tavern's management that she stumbled in its entryway.

Nanette Seelman described two instances in which she stumbled entering or leaving the tavern. One instance occurred after the date of the plaintiff's fall and would not be admissible as a *prior* occurrence. Furthermore, Seelman attributed the height of the step up into the entryway as the cause of her prior stumble. In this instance, she stated that it was dark outside, and she did not realize how high the outside step was over the sidewalk. She did not report her stumbles to the tavern. She specifically stated that the threshold was not a factor in her stumble and that her stumbles were not related in any way to the visibility in the entryway.

In ruling on the plaintiff's and the defendant's motions *in limine*, the judge first found that the prior accidents were not sufficiently similar to be admitted into evidence, and it further ruled that they could not be used to show notice. The judge also noted that one of the accidents could not even be considered a prior accident because it occurred after the plaintiff's accident.

■ Here, the plaintiff did not establish, as a foundation, the similarity between the prior accidents and her own. (See *Henderson*, 114 Ill. App. 3d at 758.) In the prior accidents submitted, it was not clear that the condition of the threshold or sunlight pouring through the outer door was a common cause of danger. As a proper foundation establishing similarity was not made by the plaintiff, the prior accidents could not be used to show the existence of a particular danger, *i.e.*, either the glass door which let the allegedly causative sunlight

through or the condition of the threshold. (See *Henderson,* 114 Ill. App. 3d at 758.) Furthermore, given the fact that none of the prior accident victims notified the tavern of her accident, those accidents were not relevant in establishing notice of a generally hazardous nature of the entryway. (See *Henderson,* 114 Ill. App. 3d at 758, citing *Hilts v. County of Solano* (1968), 265 Cal. App. 2d 161, 71 Cal. Rptr. 275 (where the court held the test of admissibility of evidence must be such as to have attracted the defendant's attention to the dangerous situation).) We find that the trial court properly applied the rules of evidence granting the motion *in limine* which barred evidence of prior accidents. See *Flath,* 212 Ill. App. 3d at 376.

■ The plaintiff argues that even if the rule regarding the admission of prior accidents was properly applied, the court abused its discretion in disallowing her evidence because she was unfairly prejudiced at trial. Specifically, she asserts that testimony concerning the number of patrons who had been in the tavern on the day of and during the week of the occurrence was harmful to her case because it carried an implication that none of the other customers had fallen. However, as noted by the defendant, there was no objection to this testimony in the trial court, and generally, to preserve an issue for appeal, there must be an objection at the trial court and in a post-trial motion. (*People v. Enoch* (1988), 122 Ill. 2d 176, 189-90.) As the plaintiff failed to raise this issue below, we find that it is waived on review and that the court did not abuse its discretion in barring evidence of the prior accidents. See *Flath,* 212 Ill. App. 3d at 376.

The second issue the plaintiff raises on appeal is whether the court properly exercised its discretion in denying her proposed non-pattern jury instructions on the defendant's duty of care. More specifically, the plaintiff argues that pursuant to *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, the court was required to submit to the jury her proposed instruction No. 32, which set forth comment *f* to section 343A of the Restatement (Second) of Torts. Restatement (Second) of Torts §343A, Comment *f,* at 220 (1965).

■ The Illinois Supreme Court, in *Ward,* changed the law by creating an exception to the doctrine that an occupier of land has *no* duty to protect entrants from conditions on the land which are open and obvious. (See *Ward,* 136 Ill. 2d at 146-49.) The supreme court recognized that the traditional rule absolving occupiers of land from liability for injuries from known or obvious conditions was harsh. (*Ward,* 136 Ill. 2d at 146.) The court announced that it would follow the position of section 343A, which states in pertinent part as follows:

" 'A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.*' " (Emphasis in original.) (*Ward*, 136 Ill. 2d at 149, quoting Restatement (Second) of Torts §343A (1965).)

The court in this case gave the defendant's instruction No. 18, which tracked the above language of section 343A.

In this argument, however, the plaintiff focuses on the court's denial of her instruction No. 32, which also was based on *Ward*. In the relevant portion of the *Ward* decision, the court further cited to comment *f* of section 343A. It "explains that reason to expect harm to visitors from known or obvious dangers may arise 'where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it.' " *Ward*, 136 Ill. 2d at 149-50, quoting Restatement (Second) of Torts, §343A, Comment *f*, at 220 (1965).

The plaintiff's proposed instruction No. 32, which the trial court denied, was based on that quotation. It states in its entirety:

"There may be certain conditions which, although they may be loosely characterized as 'known' or 'obvious' to customers, may not in themselves satisfy defendant's duty to reasonable care. If the defendant may reasonably be expected to anticipate that even those customers in the general exercise of ordinary care will fail to avoid the risk because they are distracted or momentarily forgetful, then his duty may extend to the risk posed by the condition."

See *Ward*, 136 Ill. 2d at 149-50.

The court in the instant case also submitted to the jury the pattern instruction on the duty of an occupier of land. It stated:

"It was the duty of the Olympic Tavern, Inc., as an occupier of the property in question, to exercise ordinary care to see that the property was reasonably safe for the use of those lawfully on the property." See Illinois Pattern Jury Instructions, Civil, No. 120.02.01 (3d ed. 1992).

In denying the plaintiff's instruction No. 32, the court found the instruction to be "overly expansive," placing too much emphasis on "a very narrow and specific aspect of this particular case." The trial court also explained that the combination of the defendant's instruction No. 18 and the pattern instruction on the duty of an occupier of land would allow the plaintiff to effectively argue the issues raised by

*Ward.* In fact, the plaintiff twice raised, in closing argument, that the tavern should have anticipated that the plaintiff would be distracted. It was argued that if the tavern should have anticipated the injury, then it should be liable.

■ Giving or denying a jury instruction is within the discretion of the trial court, and a new trial will be granted for refusal to give a tendered instruction only where serious prejudice to a party's right to a fair trial has been shown. (*Thompson v. Abbott Laboratories* (1990), 193 Ill. App. 3d 188, 200.) The standard for determining the adequacy of jury instructions is whether, "taken as a whole and in series," the instructions fairly, fully, and comprehensively apprised the jury of the applicable legal principles. *Thompson,* 193 Ill. App. 3d at 200.

■ We find no prejudice to the plaintiff. The jury was specifically instructed on the exception to the "open and obvious rule," as contained in the text of section 343A of the Restatement. Also, the plaintiff's counsel was able to argue to the jury the principles set forth in *Ward.* Also, we do not interpret *Ward* to require that the language in comment *f* of section 343A be used as a jury instruction. In this case, the combination of the nonpattern jury instruction containing the language of section 343A of the Restatement and the pattern instruction on the duty of the occupier of land to persons lawfully on the land, in their entirety, stated the law fairly, accurately and in a manner not misleading to the jury. See *Yedor v. Centre Properties, Inc.* (1988), 173 Ill. App. 3d 132, 147.

We next address the third argument raised by the plaintiff: that the court erred in admitting defendant's exhibits Nos. 7 and 8. She argues that they were not relevant. She also argues that the court further erred in allowing those exhibits to go to the jury during deliberations.

At the trial, the plaintiff testified that the day of her accident was a warm summer day, as "clear as a bell" and that sunlight was coming through the glass outer door and that "the sun was right in our eyes" as she walked out of the entryway. Also, the plaintiff had an expert witness who testified that the failure of the tavern to have glare-resistant glass contributed to the plaintiff's fall. The expert's opinion was based in part on the photographs taken on July 31, 1990, which depicted "direct sunlight going right through" the glass. In the plaintiff's counsel's opening remarks, the jury was told that the evidence, including the photographs taken on July 31, 1990, would show that the plaintiff was unable to see clearly because of the sunlight coming through the glass door. Plaintiff's counsel also argued in closing arguments that the sunlight outside made it difficult to negotiate

the entryway. Contrary to the testimony of the plaintiff, the owner of the tavern testified that June 9, 1989, was an unusually cool day and was completely overcast.

At the close of its testimony, the tavern moved for the admission into evidence of its exhibits Nos. 7 and 8, certified copies of government weather reports for June 9, 1989, and July 31, 1990. It argued that the reports were relevant because the weather conditions on the date of the accident and on the date the subsequent photographs were taken were both at issue. The plaintiff admitted that the exhibits were "admissible," but objected on the basis that they were too complicated and difficult for the jury to interpret. The trial court allowed both exhibits to be admitted into evidence and to go to the jury.

■ Weather reports, such as "the climatological summary," are generally held admissible by the majority of jurisdictions. (*Loughnane v. City of Chicago* (1989), 188 Ill. App. 3d 1078, 1081.) Specifically, weather reports have been admitted in Illinois when they had a tendency to refute testimony of the character of the weather conditions on a particular date. (*Loughnane*, 188 Ill. App. 3d at 1081.) Such reports are admissible if relevant, *i.e.*, if they tend to prove or disprove a matter in controversy. *Loughnane*, 188 Ill. App. 3d at 1081-82.

■ Defense exhibit No. 7 was offered to demonstrate that there was sky cover on the date of the accident. That document reported that the sky cover on that date was 10 out of a possible 10. Exhibit No. 8 was offered to demonstrate that the sky cover on July 31, 1990, was only a 1 out of 10. The plaintiff argues that the sky cover on July 31, 1990, has no relevancy and that the data for both dates are confusing.

The weather reports at issue did concern a matter in controversy: whether there was sunlight shining through the tavern's glass outer door which contributed to the plaintiff's accident. There was conflicting testimony concerning whether the sky was overcast or sunny. The weather on July 31, 1990, was also relevant. The plaintiff testified that her photograph taken on that date accurately portrayed the weather conditions on the date of her accident. Both weather reports tend to make a fact, namely, the amount of sunlight present on the relevant dates, more or less probable. Therefore, the reports were relevant.

The plaintiff also argues that the charts were too complicated for the jury to interpret. We disagree. From the reports, it is plain that given a sky cover scale of 1 to 10, a value of 10 would not be a "clear as a bell" day. We therefore find that defendant's exhibits Nos. 7 and 8 were relevant and admissible. We also find no error in the court

providing those charts to the jury. See *Loughnane*, 188 Ill. App. 3d at 1081-82.

For the above reasons, we affirm the judgment of the circuit court of Winnebago County.

Affirmed.

McLAREN and BOWMAN, JJ., concur.