CYRIL IBE, Plaintiff-Appellant and Cross-Appellee, v. ZAINAB M. LEE, Defendant-Appellee and Cross-Appellant.

First District (3rd Division)   No. 1—91—2243

Opinion filed June 30, 1993.

Mark S. Smith, of Engelman & Smith, of Skokie, for appellant.

Alexandria Demos, of Moss & Hillison, of Chicago, for appellee.

JUSTICE CERDA delivered the opinion of the court:

Plaintiff, Cyril Ibe, appeals from the trial court's order granting a new trial based on the giving of an Illinois Pattern Jury Instruction (IPI) that was modified but not designated as modified. Defendant, Zainab Lee, cross-appeals from the trial court's orders granting a mistrial and assessing sanctions based upon defendant's opening statement.

Plaintiff's amended complaint alleged the following. On or about December 29, 1987, defendant was driving her automobile, and plaintiff was driving in front of defendant in the same direction. Defendant's automobile collided with the left rear of plaintiff's automobile. Defendant was negligent in failing to reduce her speed to avoid an accident and in following plaintiff's automobile more closely than was reasonable.

Plaintiff's tendered jury instruction number 16, which was labeled "I.P.I. No. 60.01," stated:

"There was in force in the state of Illinois at the time of the occurrence in question a certain statute which provided that:

The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

No vehicle may be driven upon any highway of this State at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property.

If you decide that *Defendant* violated one or more of the Statutes on the occasion in question, then you may consider the fact together with all the other facts and circumstances in evidence in determining whether the *Defendant* was negligent before and at the time of the occurrence." (Emphasis added.)

The jury instruction was not marked as modified. In contrast, plaintiff's tendered jury instruction number 22 was marked with an IPI number followed by the notation "(Modified)." At the jury instruction conference, defendant objected to jury instruction number 16, and the objection was overruled.

The jury found for plaintiff against defendant. Defendant filed a post-trial motion in which she argued that the trial court erred in allowing plaintiff's jury instruction number 16 because the instruction had been modified to apply to defendant only.

On July 23, 1990, the trial court issued a written opinion that stated the following. The issue of liability was vigorously disputed and turned upon the relative credibility of the parties. The trial court was led to believe that plaintiff's jury instruction number 16 was a faithful quote from the IPI. The trial court could not determine whether the slanted instruction had an effect on the jury. The trial court granted the post-trial motion and set the case for retrial.

A second trial began on March 27, 1991. Defendant's attorney stated in her opening statement:

"He [plaintiff] goes to the emergency room. They take x-rays. And they send him home. Then, ladies and gentlemen, months, several months later, several months later, all of a sudden he goes to see Dr. Hill, ladies and gentlemen. What's going on here? I wondered who he talked to during those months."

Plaintiff's objection was sustained. Later, plaintiff moved for a mistrial and for attorney fees. The trial court permitted the record to reflect that, when defendant's attorney made the above remarks, she was walking towards plaintiff's attorney's table and gestured towards

plaintiff's attorney. A mistrial was granted based on defendant's opening statement, and plaintiff was granted leave to file a motion for sanctions.

Plaintiff filed a petition for rule to show cause why defendant's attorney should not be held in contempt of court on the basis of her statements and gestures that implied that plaintiff's attorney referred plaintiff to the treating physician. On June 6, 1991, the trial court entered a sanction of $400 against defendant's attorney and cited as authority in the order Supreme Court Rule 237 (134 Ill. 2d R. 237).

After a third trial, a verdict was rendered in favor of plaintiff on June 18, 1991.

On July 5, 1991, plaintiff filed a notice of appeal from the July 23, 1990, order granting the post-trial motion. On July 17, 1991, defendant filed a notice of appeal from the June 6, 1991, sanctions order.

Plaintiff argues on appeal that the trial court erred in ordering a new trial based on the modified jury instruction because: (1) the complaint alleged, and defendant's answer admitted, that defendant's automobile made contact with the rear of plaintiff's automobile; (2) there was no evidence at trial to support any conclusion other than the impact was made by defendant's automobile with the rear of plaintiff's automobile; (3) the case was not close on the issue of liability; (4) only plaintiff could have violated the sudden stop statutes under the facts of the case; (5) defendant did not present evidence to support a contrary instruction; (6) a reasonable juror would not have been misled by the instruction; and (7) defendant waived her right to object to the instruction by failing to raise a specific objection at the instruction conference.

Defendant argues that: (1) Supreme Court Rule 239(a) provides that IPI jury instructions are to be used unless they do not accurately state the law (134 Ill. 2d R. 239(a)); (2) plaintiff could have been partially at fault even though defendant hit plaintiff in the rear; (3) a rear end collision does not automatically create an inference as a matter of law that the driver of the rear automobile was negligent; (4) defendant did not knowingly waive her right to object because the instruction was not labelled as modified; and (5) plain error existed because the instruction misled the jury into believing that the statute could only apply to defendant.

■ Supreme Court Rule 239(a) provides that each instruction shall be accompanied by a copy for opposing counsel. (134 Ill. 2d R. 239(a).) The copy must contain one of these notations: "IPI No. _____" or "IPI No. _____ Modified" or "Not in IPI." (134 Ill. 2d R. 239(a).) Plaintiff violated

this rule by not designating jury instruction number 16 as modified. The trial court concluded that the failure to designate the instruction as IPI modified was misleading to defendant because plaintiff did designate another instruction as modified. We find that defendant did not knowingly waive the specific objection.

■ In general, an applicable IPI jury instruction should be given (134 Ill. 2d R. 239(a)), but the fact that an instruction did not conform to the IPI is not sufficient by itself to warrant a reversal. (*Warp v. Heckenback* (1970), 123 Ill. App. 2d 157, 163, 260 N.E.2d 45.) The test for whether such an error warrants a retrial is whether or not the instructions, when considered as a whole, were sufficiently clear so as not to mislead the jury. *Bittner v. Wheel Horse Products, Inc.* (1975), 28 Ill. App. 3d 44, 52, 328 N.E.2d 160.

The giving of a non-IPI jury instruction was held to be reversible error in *Macak v. Continental Baking Co.* (1968), 92 Ill. App. 2d 63, 235 N.E.2d 855. The case involved an automobile collision, and the jury was given an instruction on speed restrictions. The jury was also given the following non-IPI jury instruction, which was tendered by defendant:

> "If you find from a preponderance of evidence that the plaintiff violated said statute and that she was negligent in so doing and that such negligence, if any, on the part of plaintiff proximately caused the occurrence in question, then you may find in favor of the defendants." (92 Ill. App. 2d at 66.)

Plaintiff claimed that it was error not to have given an applicable IPI jury instruction that referred only to the violation of the statute in question by the "party" or "parties." The court noted that the IPI jury instruction was impartial while defendant's instruction was written to apply only to plaintiff and therefore was partial to defendant. (*Macak,* 92 Ill. App. 2d at 67.) The court held that the IPI jury instruction should have been given instead. (*Macak,* 92 Ill. App. 2d at 67.) It was reversible error because the case was close on the issue of liability, and a new trial was ordered. *Macak,* 92 Ill. App. 2d at 67.

We do not rely on *Macak* as a basis for reversal because there the jury was told that if the jury found that one of the parties had violated the statute, the jury could enter a verdict for the opposing party. In contrast, in this case the instruction did not instruct the jury that it could enter a verdict for plaintiff. Instead, the jury was instructed that if it found that defendant had violated the statute, it could consider that fact together with all the other facts and circumstances in evidence in determining whether defendant was negligent. The jury still had to consider whether plaintiff was injured and whether there was proximate cause for the injuries. In contrast, the *Macak* instruction stated that a verdict could be entered.

■ We affirm the retrial order because the error in giving the modified IPI instruction may have been prejudicial to defendant. Without the trial transcript, it cannot be determined that there was no evidence that plaintiff violated the statutes against following a vehicle too closely and against speeding. Therefore, because plaintiff could have violated one of these statutes, jury instruction number 16 could have misled the jury into believing that only defendant could possibly have violated these statutes. The jury instruction therefore was prejudicial to defendant to the extent that it led the jury to believe that there was no issue of plaintiff's negligence. But, if the trial court had stated in its order that there was no evidence that plaintiff had violated the statutes against following a vehicle too closely or speeding, then a denial of the motion for a new trial on the basis of the jury instruction would have been proper.

Defendant argues in her appeal from the sanctions order that the statement made by her attorney was not sanctionable and that neither Supreme Court Rule 137 nor Rule 237 authorizes attorney fees as a sanction for an attorney's opening statement. Defendant also argues that the trial court abused its discretion by declaring a mistrial because the attorney's statement did not deprive plaintiff of a fair trial.

Plaintiff responds as follows. The sanctions order, inasmuch as it sanctioned defendant's attorney under either Supreme Court Rule 137 or 237, was inappropriate and should be reversed. On remand, the trial court should consider plaintiff's petition for rule to show cause and should hold a hearing on the issue of defendant's attorney's contempt. The actions of defendant's attorney were sanctionable within the inherent contempt powers of the trial court, and attorney fees are appropriate remedies for civil contempt. Plaintiff also argues that defendant failed to prove her right to appeal the March 27, 1991, mistrial order because defendant's notice of appeal only sought to reverse the June 6, 1991, sanctions order.

Defendant replies as follows. The cause should not be remanded for consideration of plaintiff's petition for rule to show cause. After declaring a mistrial, the trial court granted plaintiff leave to file a motion for sanctions and not a petition for rule to show cause. The trial court decided not to issue a rule to show cause, and plaintiff never appealed from the trial court's failure to issue a petition for rule to show cause. The entertaining of a petition for rule to show cause a year after the alleged misconduct would not achieve the purpose of a contempt order to maintain order in court at the time of the court proceedings. The opening statement was not contemptuous. Defendant "in effect" appealed the March mistrial order by filing a

notice of appeal from the June sanctions order, which was entered because of the mistrial order.

■ We hold that defendant did not appeal the March mistrial order. Defendant's notice of cross-appeal stated that it was an appeal from the sanctions order, and defendant sought therein only the reversal of the sanctions order. Supreme Court Rule 303(c)(2) provides that a notice of appeal shall specify the judgment appealed from and the relief sought from the reviewing court. (134 Ill. 2d R. 303(c)(2).) By failing to specify the March mistrial order in the notice of appeal, defendant did not appeal the order. See *Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 434, 394 N.E.2d 380 (when an appeal is taken from a specified judgment only, the court of review acquires no jurisdiction to review other judgments or parts thereof not so specified or not fairly to be inferred from the notice as intended to be presented for review on the appeal).

■ The parties are correct that Supreme Court Rules 137 and 237 do not apply to an attorney's opening statement. Rule 237 concerns compelling the appearance of witnesses at trial. (134 Ill. 2d R. 237.) Rule 137 requires an attorney to sign pleadings, motions, and other papers to certify that to the best of her knowledge, information and belief formed after reasonable inquiry the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose. (134 Ill. 2d R. 137.) Rule 137 only concerns written documents and not opening statements of attorneys, and therefore the sanctions order is reversed.

The issue then is whether the cause should be remanded for consideration of plaintiff's petition for a rule to show cause. The trial court did not rule specifically on this petition but instead entered sanctions in error. Although plaintiff did not argue in his appeal that the trial court failed to rule on his petition for contempt, this does not mean that the trial court cannot make a ruling upon remand. The cause is remanded to permit the trial court to consider the issue of defendant's attorney's contempt.

The retrial order and the mistrial order are affirmed, the sanctions order is reversed, and the cause is remanded.

Affirmed in part; reversed in part and remanded.

TULLY, P.J., and RIZZI, J., concur.