JAMIE DEON THOMPSON *et al.*, Plaintiffs-Appellants, v. MCA DISTRIBUT-
ING, MUSIC CORPORATION OF AMERICA, Defendant and Third-Party
Plaintiff-Appellee (Benton Roofing Company, Inc., Third-Party Defendant).

Fifth District    No. 5—92—0661

Opinion filed February 10, 1994.

John P. Womick and Gene A. Turk, Jr., both of Womick & Associates, Chartered, of Carbondale, for appellants.

Richard W. Gibson, of Hoagland, Fitzgerald, Smith & Pranaitis, of Alton, for appellee.

PRESIDING JUSTICE LEWIS delivered the opinion of the court:

Plaintiffs appeal from a jury verdict in favor of defendant, MCA Distributing, Music Corporation of America (MCA), and from the trial court's denial of their post-trial motion. Plaintiffs sued MCA, alleging a violation of the Structural Work Act (740 ILCS 150/1 *et seq.* (West 1992)) (the Act) and common law negligence. Plaintiffs also alleged that Lee Ann Thompson, the wife of plaintiff Jamie Deon Thompson (Jamie), had suffered a loss of consortium. MCA filed a third-party complaint against Benton Roofing Company, Inc. (Benton Roofing), Jamie's employer at the time of the accident. The accident that is the subject of this lawsuit occurred while Jamie was employed as a roofer and involved in a roofing job at the MCA plant in Pinckneyville, Illinois. The jury returned a verdict against plaintiffs and, therefore, did not consider MCA's claim for contribution against Benton Roofing. Plaintiffs' first issue on appeal is whether the trial court erred in instructing the jury. We hold that the trial court did commit reversible error by giving the jury a nonpattern instruction tendered by MCA.

The facts of this case as they pertain to the jury instruction issue are as follows: Jamie began working for Benton Roofing on August 15, 1988, at the Pinckneyville MCA plant. On August 16, 1988, Jamie's second day of work at MCA, he fell through the roof onto a piece of machinery in the plant below and sustained injuries. Jamie fell through a hole in the roof that employees of Benton Roofing had made when they removed a skylight in order to reroof that section of the plant. There was conflicting evidence about the amount of supervision, if any, exerted by MCA officials over the work performed by Benton Roofing.

The trial court granted MCA's request to give the following jury instruction:

"Mere ownership of a premises, without more, is insufficient to establish liability under the Structural Work Act."

Plaintiffs' attorney objected to this instruction as argumentative, misleading, and not allowed under Illinois Pattern Jury Instructions, Civil, No. 180.16 (3d ed. 1990) (IPI Civil 3d). The trial court allowed the instruction over plaintiffs' objection.

■ The Act is designed to protect workers employed in the extra-hazardous occupation of structural work. (*Larson v. Commonwealth Edison Co.* (1965), 33 Ill. 2d 316, 211 N.E.2d 247.) The class of persons who can be held liable under the Act is set forth in section 9:

"Any owner, contractor, sub-contractor, foreman or other person *having charge of* the erection, construction, repairing, alteration, removal or painting of any building, bridge, viaduct or other structure within the provisions of this Act, shall comply with all the terms thereof ***." (Emphasis added.) (740 ILCS 150/9 (West 1992).)

The elements a plaintiff must prove in order to prevail in a case under the Act are that (1) plaintiff was engaged in or was passing under or by a structural activity; (2) the activity was being performed with reference to a structure; (3) a scaffold or other mechanical device was being used; (4) a defect existed in the construction or use of the device; (5) the defect proximately caused the plaintiff's injuries; (6) the defendants had charge of the work being performed; and (7) the defendants willfully violated the Act's safety standards. *Gill v. Parcable, Inc.* (1985), 138 Ill. App. 3d 409, 485 N.E.2d 1215; *Kochan v. Commonwealth Edison Co.* (1984), 123 Ill. App. 3d 844, 463 N.E.2d 921.

Our supreme court has determined that the term "having charge of" in section 9 of the Act "is one of common usage and understanding" and stated: "it is our opinion that further attempt at definition can only lead to confusion and error." (*Larson*, 33 Ill. 2d at 323, 211 N.E.2d at 252.) As a result, the IPI drafters follow *Larson* and recommend that no instruction be given which defines the term "having charge of." IPI Civil 3d No. 180.16, Comment, at 180-50 (1990).

■ However, there are several factors that a jury must consider when deciding if the defendant/owner was sufficiently in charge of the work in order to be found liable. These factors are:

"(1) supervision and control of the work; (2) retention of the right to supervise and control the work; (3) constant participation in ongoing activities at the construction site; (4) supervision and coordination of subcontractors; (5) responsibility for taking safety precautions at the jobsite; (6) authority to issue change orders; *** (7) the right to stop the work[;] [citations] *** (8) ownership of the equipment used on the jobsite; (9) defendant's familiarity with construction customs and practices; and (10) whether defendant was in a position to assure worker safety or alleviate equipment deficiencies or improper work habits." (*Chance v. City of Collinsville* (1983), 112 Ill. App. 3d 6, 11, 445 N.E.2d 39, 42.)

No single factor, including ownership, is sufficient by itself to establish liability against a defendant; rather, the totality of the circum-

stances must be considered in determining liability. (*Norton v. Wilbur Waggoner Equipment Rental & Excavating Co.* (1979), 76 Ill. 2d 481, 394 N.E.2d 403.) We note that MCA argues that the instruction in question is not a definition of "having charge of." We do not agree. Evidence may be presented on any of the various factors relevant to "having charge of." An instruction to the jury that ownership by itself is a consideration incorrectly defines and restricts the concept of "having charge of."

■ Plaintiffs argue that the instruction given by the trial court is in direct contravention of the clear rules of *Larson* and IPI Civil 3d No. 180.16. MCA responds that it does not matter whether the instruction was proper or not because plaintiffs must first show that they were prejudiced by the instruction and, since plaintiffs did not show prejudice, the giving of the instruction, even if improper, did not amount to reversible error. As a general rule, a new trial should be granted for improper jury instructions only where the opposing party has suffered serious prejudice from the offending instruction. (*Trimble v. Olympic Tavern, Inc.* (1993), 239 Ill. App. 3d 393, 606 N.E.2d 1276.) When assessing whether jury instructions are proper, a court of review should view the instructions given as a whole, and if all of the instructions together fully, fairly, and comprehensively apprised the jury of the relevant legal principles, then the error, if any, does not amount to reversible error. *Trimble v. Olympic Tavern, Inc.* (1993), 239 Ill. App. 3d 393, 606 N.E.2d 1276; *Thompson v. Abbott Laboratories* (1990), 193 Ill. App. 3d 188, 549 N.E.2d 1295.

■ However, contrary to MCA's assertions, plaintiffs were seriously prejudiced by the instructions, and as a result, the jury was not fully, fairly, or comprehensively instructed as to the applicable law. Plaintiffs were prejudiced because the jury was told that ownership alone could not establish liability under the Act. While this statement is correct as far as it goes, it fails to accurately inform the jury of the many other factors that can and should be considered when deciding if a defendant had charge of the work. By informing the jury of only a single factor out of 10 or more possible factors to consider, the instruction placed too much emphasis on the factor of ownership. Plaintiffs were prejudiced in that the jury did not receive a full and fair statement of the law to guide its deliberations. (See *Fravel v. Morenz* (1986), 151 Ill. App. 3d 42, 502 N.E.2d 480 (and cases cited therein, finding that jury instructions that overemphasize a particular point are argumentative, misleading, and highly prejudicial).) By this decision, we do not seek to encourage defendants in Structural Work Act cases to submit instructions outlining all of the various factors relating to the issue of whether the defendant was in

charge of the work. Rather, we follow the guidelines set forth in *Larson* and IPI Civil 3d No. 180.16, cautioning against *any* definition of the term "having charge of" in section 9 of the Act. *Larson v. Commonwealth Edison Co.* (1965), 33 Ill. 2d 316, 211 N.E.2d 247; 740 ILCS 150/9 (West 1992).

Moreover, it may be that the jury's verdict would have been different if the court had not given the jury this instruction. From our review of the evidence, it appears that plaintiffs presented evidence in support of all the elements of a Structural Work Act case. However, much of the evidence centered around the amount of supervision, or lack thereof, by MCA officials, as opposed to supervision or control by the third-party defendant, Benton Roofing. The likelihood exists that if the jury had not been told that ownership alone was insufficient to establish liability under the Act, the evidence would have favored a decision for plaintiffs under the Act. At a minimum, the evidence was closely balanced, so that the emphasis on ownership improperly swayed the jury from considering the other factors relevant to the imposition of liability.

Plaintiffs' next assignment of error is that the trial court improperly allowed counsel for MCA to misstate the law in closing argument to the jury. We choose not to decide this issue, since the case is remanded for a new trial on the basis of the improper jury instruction. Surely, counsel will be cautious in his closing argument in a retrial without the necessity of this court discussing the merits of plaintiffs' assignment of error.

For all of the reasons stated, we reverse the judgment of the trial court and remand the cause for a new trial.

Reversed and remanded.

CHAPMAN and GOLDENHERSH, JJ., concur.