MICHAEL RYAN, Plaintiff-Appellant, *v.* LINDA FLEISCHMAN, Defendant-Appellee.

Second District    No. 77-368

Opinion filed September 12, 1978.

Richard L. Horwitz, Robert L. Speers, and George P. Lindner, all of Reid, Ochsenschlager, Murphy & Hupp, of Aurora, for appellant.

Frederick J. Fraterrigo, of Kralovec, Sweeney, Marquard & Doyle, of Wheaton, and Edward V. Scoby, of Scoby, Biggam & Lunding, of Chicago, for appellee.

Mr. JUSTICE BOYLE delivered the opinion of the court:

This appeal arises out of an automobile accident that occurred in Lombard, Illinois, on December 20, 1975. After hearing the evidence, a Du Page County jury returned a verdict in favor of the defendant-appellee, Linda Fleischman, hereafter the defendant. By way of a special interrogatory the jury also found the plaintiff-appellant, Michael Ryan, hereafter the plaintiff, to be contributorily negligent. The plaintiff has appealed, raising three possible grounds for reversing the judgment of the trial court. First, he contends the jury's verdict was contrary to the manifest weight of the evidence. The plaintiff's second argument for reversal is that the jury was improperly instructed. Thirdly, the plaintiff asserts the trial court should have granted his motion for a judgment notwithstanding the verdict. The defendant contends that the plaintiff did not properly preserve for review the question of whether or not the jury's verdict was contrary to the manifest weight of the evidence.

After reviewing the record and weighing the arguments presented, we are of the opinion that the decision of the circuit court of Du Page County must be reversed and the cause remanded for a new trial.

Certain basic facts of this accident are undisputed. The accident took place on Saturday, December 20, 1975, at approximately 6 p.m. at the intersection of Ogden Avenue and Belmont Street in Lombard, Illinois. The night was clear and the pavement was dry. At that point both Ogden Avenue, which has a 40-mile-per-hour speed limit, and Belmont Street have four lanes. The intersection is controlled by a traffic signal which was in working order that evening. Immediately prior to the accident, the defendant was stopped in the eastbound lane of Ogden Avenue nearest the center line, waiting to make a left turn. The plaintiff was westbound on Ogden Avenue, approaching the intersection.

There are two facts in dispute. First, there is the question of precisely in which lane the collision occurred. The defendant testified that she did

not remember even beginning to make her left turn. The plaintiff asserts that he was in the westbound lane nearest the curb when the defendant made a sudden turn in front of him, which caused him to collide with the defendant despite his best efforts to avoid the accident. Mr. John Lloyd, a nonparty eyewitness, testified that the defendant had started a left turn, had proceeded three or four feet into the plaintiff's lane, when she came to a stop. Immediately thereafter, the impact between the two vehicles occurred. However, Mr. Lloyd was not certain in which lane the plaintiff was driving. The plaintiff's version that he was in the lane nearest the curb drew some support from Officer Edward Springer of the Downers Grove police department. Officer Springer, who investigated the accident, testified that the majority of the debris from the collision was found in the westbound lane of Ogden Avenue nearest the curb.

The second of the two disputed facts concerns the status of the traffic signal at the intersection. The signal was working and turned yellow prior to the collision. Just how long it had been yellow is the question that is in dispute. The plaintiff asserts it must have just turned yellow because it was green when he last noted the light when he was 25-50 feet from the intersection, traveling 30-35 miles per hour. The defendant testified the light had been yellow for approximately 10 seconds before the collision. Mr. Lloyd, the by-stander eyewitness, testified that three to four seconds passed between the time the defendant commenced her turn and the impact between the two vehicles, which occurred while the light was yellow.

After some additional testimony on the extent of the plaintiff's injury, the jury was instructed and retired to deliberate its verdict. Among the instructions given were two to which the plaintiff objected, the first of which was Defendant's Instruction No. 1, which reads as follows:

"There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that:

The driver of a vehicle intending to turn to the left within an intersection * * * shall yield the right of way to any vehicle approaching from the opposite direction which is so close as to constitute an immediate hazard * * *

The fact that a vehicle has the right of way does not relieve its driver from the duty to exercise ordinary care in approaching, entering and driving through the intersection.

If you decide that a party violated the statute on the occasion in question, then you may consider that fact together with all of the other facts and circumstances in evidence in determining whether or not a party was negligent before and at the time of the occurrence."

This instruction is a modified version of Illinois Pattern Jury Instructions,

Civil, No. 60.01. The modification is a paragraph extracted from IPI Civil No. 70.02.

The second instruction to which the plaintiff objected was Defendant's No. 4, which reads as follows:

"There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that:

1. Vehicular traffic facing a steady yellow signal is thereby warned that the related green movement is being terminated or that a red indication will be exhibited immediately thereafter when vehicular traffic may not enter the intersection."

Defendant's Instruction No. 4 is basically IPI Civil No. 60.01 minus the final paragraph.

■ ■ We deal first with the defendant's contention that the plaintiff did not properly preserve for review the question of whether or not the jury's verdict was contrary to the manifest weight of the evidence because he did not challenge in his post-trial motion the jury's answer to the special interrogatory finding the plaintiff contributorily negligent. In *Wozniak v. Segal* (1974), 56 Ill. 2d 457, 308 N.E.2d 611, our supreme court specifically held that the failure to challenge a special finding of contributory negligence did not limit the power of a court of review to reach a just result. Therefore, we hold that the plaintiff's failure to challenge the jury's answer to the special interrogatory in no way limits our authority to review this case.

Next, we turn to the plaintiff's contentions that the jury's verdict was contrary to the manifest weight of the evidence and that the trial court erred in not granting the plaintiff's motion for a verdict notwithstanding the verdict. In light of our conclusion that the trial court committed reversible error by improperly instructing the jury, we believe it will suffice for us to say here that we find this case to present an extremely close factual question that should be decided by a properly instructed jury.

The last issue before us is the plaintiff's argument that the trial court improperly instructed the jury, thereby so prejudicing him as to warrant the granting of a new trial. We agree.

■ ■ Supreme Court Rule 239 (Ill. Rev. Stat. 1975, ch. 110A, par. 239) provides that IPI instructions should be used where they accurately state the applicable law. The defendant's Instruction No. 1 is a modified version of IPI Civil No. 60.01 and attempts to state the applicable law in regard to the duty of the driver of a vehicle making a left turn to yield the right-of-way to oncoming traffic. It is only where the approved IPI does not accurately state the applicable law that the trial court may give another instruction. (*Seibert v. Grana* (1968), 102 Ill. App. 2d 283, 243

N.E.2d 538.) We find that a nonmodified version of IPI Civil No. 60.01, quoting section 11—902 of the Illinois Rules of the Road (Ill. Rev. Stat. 1975, ch. 95½, par. 11—902), would have accurately stated the applicable law. The plaintiff submitted such an instruction, and the trial court should have granted it instead of the defendant's Instruction No. 1.

Lastly, we turn to Defendant's Instruction No. 4, which was also a modification of IPI Civil No. 60.01. In his Instruction No. 4, the defendant quotes section 11—306(b)(1) of the Illinois Rules of the Road (Ill. Rev. Stat. 1975, ch. 95½, par. 11—306(b)(1)), which merely states the meaning of a steady, yellow light. The defendant modified IPI Civil No. 60.01 by deleting the last paragraph of the instruction which informs the jury that if it finds a party violated the statute, it may consider that fact along with all other facts to determine if that party was negligent or contributorily negligent. We find the resultant instruction presented a mere, abstract statement of the law without any explanation of its effect on the case at hand. We believe this instruction may have confused the jury by leading it to believe that the plaintiff violated a statute by entering the intersection on a steady, yellow light. As given, Defendant's Instruction No. 4 was a confusing, abstract statement of the law which should not have been given as a jury instruction. *Moore v. Young* (1943), 317 Ill. App. 474, 46 N.E.2d 852.

■ ■ The effect of these two erroneous jury instructions can only be heightened by the closeness of the factual questions presented by this case. We hold that the plaintiff was denied a fair trial because of the erroneous jury instructions. Accordingly, we reverse the judgment of the circuit court of Du Page County and remand the cause for a new trial.

Reversed and remanded with directions.

RECHENMACHER and NASH, JJ., concur.