VIRGINIA KORPALSKI, Plaintiff-Appellee, *v.* RALPH W. LYMAN, Defendant-Appellant.

First District (5th Division)   No. 81—2947

Opinion filed May 6, 1983.—Rehearing denied June 13, 1983.

Sloan and Connelly, of Chicago (Mark A. Moynihan, of counsel), for appellant.

Martin J. McGuire, of Chicago, for appellee.

JUSTICE MEJDA delivered the opinion of the court:

This action was brought as a result of injuries sustained by plaintiff in a three-car rear-end collision. The trial court entered judgment upon a directed verdict in favor of the plaintiff on the issue of negligence, with damages assessed and awarded by the jury. Defendant appeals, raising the following issues: (1) whether the trial court erred in directing a verdict in favor of plaintiff and against defendant on the issue of negligence; and (2) whether the trial court erred in refusing the tendered "burden of proof" jury instruction and submitting to the jury a court-modified version of that instruction. The pertinent facts are as follows.

On September 29, 1974, the three automobiles involved in the collision described herein were northbound in the same traffic lane. The

first car was occupied by a driver and one passenger, neither of whom were named as parties to this suit. Plaintiff Virginia Korpalski was seated in the front passenger seat of the second car which was driven by her husband Walter Korpalski (hereinafter Korpalski). Korpalski also was not named as a party to this suit. Defendant Ralph Lyman was the driver and only occupant of the third car.

At trial plaintiff testified that, just prior to the collision, the car she was riding in was traveling at approximately 15 miles per hour and was about 2½ car lengths behind the first car. She stated that she saw the first car slowing, saw its turn signal and brake lights go on, and then felt the impact of being struck from the rear. Korpalski concurred with plaintiff's testimony. He stated that when he saw the turn signal and brake lights of the car in front of him he applied his brakes and was struck from the rear, which impact pushed him into the car in front of him. He testified that he had tested his brake lights earlier that day and that they were working properly.

Defendant testified that he had been traveling at about 30 miles per hour but, just prior to the collision, had slowed to about 15 miles per hour, that he did not see the brake lights on the car in front of him, and that when he observed the rear end of the car in front of him go up six to eight inches he applied his brakes and then struck the car ahead of him. He stated that he did not see and was not aware of any other collision and did no know whether he had pushed the Korpalski car into another car.

Dorothy Peterson, the driver of the first car, testified that just before the collision she had stopped her car and had activated her right turn signal, preparing to pull into a parking space. She stated that, in her rear view mirror, she saw the Kropalski car approaching and observed plaintiff and defendant looking at each other. She then felt the impact as the Korpalski car struck hers and felt a second impact several seconds later. Julia Peterson, a passenger in the first car, also testified that the car she was riding in had come to a complete stop before she felt the first impact, and that she felt a second impact a few seconds after the first.

The police officer who arrived at the scene after the accident stated that each of the three drivers told him that the third car hit the second car and pushed it into the first car.

Dr. Allen Hirschtick, a physician specializing in orthopedic surgery, testified that the type of injury plaintiff sustained results from the vehicle in which the subject is riding being struck from the rear. He and other expert witnesses testified regarding the nature and extent of plaintiff's injuries.

On rebuttal, plaintiff presented the testimony of an investigator who had taken the statements of defendant and the Petersons six weeks after the accident. Defendant told the investigator that he hadn't seen the tail lights on the car in front of him and that when he hit the car in front of him he pushed it into the first car. In her statement, the driver of the first car stated that as she was slowing down she heard the impact of the two cars behind her, which impact pushed the second car into her car. The passenger in the third car also stated that she heard the sound of the impact to the Kropalski car and then heard and felt the impact to the car she was in.

At the close of all the evidence, the court granted plaintiff's motion for a directed verdict on the issue of negligence only and submitted to the jury the questions of proximate cause and damages. On September 28, 1981, the jury awarded damages in the amount of $100,000 and judgment was entered. Defendant appeals.

OPINION

Defendant argues first that the court erred in finding him negligent as a matter of law and directing a verdict in favor of plaintiff on that issue. A verdict should be directed in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) Where a substantial factual dispute is disclosed by the evidence, however, the question of plaintiff's due care or defendant's negligence should be given to the jury for determination. (*Wolfe v. Whipple* (1969), 112 Ill. App. 2d 255, 251 N.E.2d 77.) A rear-end collision does not automatically create an inference as a matter of law that the driver of the rear car was negligent. The trier of fact must determine whether the rear driver was acting reasonably under the circumstances or that the accident was unavoidable. *Burgdorff v. International Business Machines Corp.* (1979), 74 Ill. App. 3d 158, 392 N.E.2d 183.

■■ ■ The driver of a car has a duty to see other cars traveling ahead in the traffic lane and to be sufficiently in control of his or her own vehicle so as to be able to stop it without running into other traffic lawfully on the roadway. (*Houchins v. Cocci* (1963), 43 Ill. App. 2d 433, 193 N.E.2d 597.) In the instant case, defendant admits that, considering the speed at which he was traveling and his distance from the Kropalski car, he could not stop in time to avoid a collision. Unlike the situation in *Burgdorff*, there was no evidence presented tending to show that defendant was in a helpless or an unavoidable situation.

Further, Korpalski testified that his brake lights were on, but defendant stated only that he did not see them. At no time did defendant testify that the brake lights were not on. Thus, regarding the presence or absence of brake lights, there was no question of fact before the trial court. (See *Wissmann v. Jedrzejak* (1979), 71 Ill. App. 3d 688, 389 N.E.2d 8.) In view of such evidence, we cannot say that the court erred in finding defendant negligent as a matter of law. When viewed in a light most favorable to defendant, the evidence would not support a contrary verdict. *Pedrick.*

■ Defendant also contends that the directed verdict against him on the issue of negligence constituted error in that it precluded jury consideration of the plaintiff's alleged comparative negligence. (See *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886.) Although the court directed a finding that defendant was negligent, it reached no conclusion as to plaintiff's possible contributory negligence. Thus, the issue was left for consideration by the jury. We note, however, that defendant tendered no instruction concerning comparative negligence or the legal effect thereof and made no objection to the court's failure to give such an instruction. It is a well-established rule that unless a party tenders an instruction he waives the right to appeal the failure to give the instruction. (73 Ill. 2d R. 366(b)(2)(i); *Bohnen v. Wingereid* (1979), 80 Ill. App. 3d 232, 398 N.E.2d 1204; *Cratsley v. Commonwealth Edison Co.* (1976), 38 Ill. App. 3d 55, 347 N.E.2d 496.) As the court's finding did not preclude jury consideration of the issue of plaintiff's negligence, the jury's failure to consider such negligence, if any, was attributable to defendant and we conclude that defendant cannot now argue that such failure constituted prejudicial error.

■ The final issue raised by defendant is whether the court erred in refusing his tendered burden of proof instruction and submitting to the jury a modified version of that instruction. The tendered instruction properly deleted portions of Illinois Pattern Jury Instruction (IPI), Civil, No. 21.02 (2d ed. 1971) concerning plaintiff's contributory negligence and defendant's negligence,[1] reflecting the change in the law under *Alvis v. Ribar* and the court's pronouncement of defendant's negligence. The instruction as tendered was otherwise in accord with IPI Civil Nos. 21.02 and A21.02, and reads as follows:

---

[1]The tendered instruction omitted the following portions of IPI Civil No. 21.02:

"First, that the plaintiff before and at the time of the occurrence was using ordinary care for [his own safety] [and] [the safety of his property];

Second, that the defendant acted, or failed to act in one of the ways claimed by the plaintiff as stated to you in these instructions and that in so acting, or failing to act, the defendant was negligent;"

"The plaintiff has the burden of proving each of the following propositions:

First, that the plaintiff was injured;

Second, that the negligence of the defendant was a proximate cause of the injury to the plaintiff.

If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for the plaintiff, but, if, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved, *then your verdict should be for the defendant.*" (Emphasis added.)

The trial court refused defendant's instruction as tendered, deleted the portion italicized above, and substituted "then this fact should be considered and reflected in your verdict."

A litigant has the right to have submitted to the jury instructions which inform the jury of the issues presented, the principles of law to be applied, and the necessary facts to be proved in support of its verdict. (*Winston v. Chicago Transit Authority* (1971), 2 Ill. App. 3d 151, 276 N.E.2d 65.) The test is whether, taken as a whole, the instructions are sufficiently clear so as not to mislead and whether they fairly and correctly state the law. (*Cole v. Brundage* (1976), 36 Ill. App. 3d 782, 344 N.E.2d 583.) However, even if the court has erroneously refused an instruction, reversal for a new trial is required only where there has been prejudice. *Goodrick v. Bassick Co.* (1978), 58 Ill. App. 3d 447, 374 N.E.2d 1262.

It is only where Illinois Pattern Jury Instructions do not accurately state the applicable law that the court may give another instruction. (*Ryan v. Fleischman* (1978), 64 Ill. App. 3d 75, 380 N.E.2d 1099.) We agree with defendant's contention that the court erred in giving the modified instruction. In instructing the jury the court directed a finding on the issue of defendant's negligence but properly left to the jury the determinations regarding proximate cause and damages. The modified burden of proof instruction, however, injected confusion into the deliberations of the jury as it required only that the jury "consider" plaintiff's failure to prove proximate cause and to "reflect" this failure in their verdict, seemingly allowing the jury to return a verdict for plaintiff without the requisite finding that defendant's negligence was a proximate cause of plaintiff's injury. The use of the modified instruction was unduly prejudicial to defendant in that it created an emphasis favorable to plaintiff and precluded the jury from reaching a verdict in favor of defendant even though the jury could have found that plaintiff had not been injured or that defendant's

negligence was not a proximate cause of plaintiff's injury.

Because the erroneous instruction affected the jury's understanding of whether plaintiff had met her burden of proof and therefore affected the ultimate determination of liability, we hold that defendant was deprived of a fair trial. Accordingly, we reverse the judgment of the circuit court and remand the cause for a new trial.

Reversed and remanded.

WILSON, P.J., and SULLIVAN, J., concur.