AMY HOWAT, Plaintiff-Appellant, v. DAVID DONELSON, d/b/a Mr. David's Hair Designs, Defendant-Appellee.

Fifth District    No. 5—97—0932

Opinion filed May 18, 1999.

Douglas N. Dorris, of Harris, Lambert, Howerton & Dorris, of Marion, for appellant.

Joseph A. Bleyer, of Bleyer & Bleyer, of Marion, for appellee.

JUSTICE MAAG delivered the opinion of the court:

Plaintiff, Amy Howat, filed a premises-liability action seeking damages for injuries she sustained when she fell down a flight of stairs while patronizing a beauty shop owned by defendant, David Donelson, doing business as Mr. David's Hair Designs. After a two-day trial, the jury found in favor of defendant. Plaintiff appeals, alleging that the trial court erred in giving an improper issues instruction, in refusing to give a non-pattern instruction, and in failing to find that plaintiff was not guilty of contributory negligence as a matter of law.

The pertinent facts follow. Plaintiff, Amy Howat, was injured on November 6, 1990, while patronizing Mr. David's Hair Designs, a beauty shop which offered hair styling and tanning services. The shop was owned and operated by defendant, David Donelson. It was located in a building that was formerly used as a residence. The hair salon and the tanning bed were both located on the main level. The hair salon was in the front of the building, and the tanning bed was located in a rear room.

On November 2, 1990, plaintiff purchased a tanning pass from Mr. David's Hair Designs. The pass permitted plaintiff to enjoy 10 tanning sessions. Prior to plaintiff's first tanning session on November 3, 1990, Donelson showed plaintiff how to use the tanning bed and how to get back to the tanning room from the salon area.

In order to reach the tanning room, patrons had to walk through the salon's waiting room to the dining room. There were two doorways on the west wall of the dining room. The first (northwest) entry led to a basement stairway. The entry was closed off by a door. The stairway abutted the door's threshold. There was no landing at the top of the stairway. A small chain and a hook were used to keep the door closed because the door-latch apparatus did not work properly. The second (southwest) entry opened to a bathroom. Prior to this incident, the door to this second entry had been removed. A bathroom sink and other fixtures were visible from the dining room. A patron had to walk through the bathroom to get into the tanning room. A door separated the tanning room from the bathroom.

On November 6, 1990, the plaintiff returned for another tanning session. After greeting defendant and his wife, she proceeded to the tanning area by herself. Upon entering the dining room, she became confused as to which of the two entryways to take in order to get to the tanning bed. The second opened to a darkened room with a sink. The door to the first entry was closed and chained. Plaintiff approached and pushed opened the door to the first entry. She could not remember removing the chain from the hook. She noted that when she opened the door, "it was very, very dark." She could not see the

186

floor ahead of her due to the darkness. She stepped through the doorway and fell down the basement stairs. As a result of the fall, she was injured.

Plaintiff first alleges that the trial court erred in giving instruction number 20, an issues instruction tendered by defendant. Plaintiff claims that this instruction was improper because its description of the allegations of contributory negligence were vague, duplicative, confusing, and misstated the law. During the instructions conference, plaintiff's counsel objected to defendant's issues instruction. She tendered her own version, which the court refused. The pertinent portions of the challenged instruction are set forth below.

> "The defendant claims that the plaintiff was contributorily negligent in the following respect [sic]:
> a) failed to keep a proper lookout;
> b) failed to observe the conditions then and there present;
> c) entered an area of the premises to which she was not invited.
> The defendant further claims that the foregoing was [sic] a proximate cause of the plaintiff's injuries."

See Illinois Pattern Jury Instructions, Civil, No. 20.01 (3d ed. 1995) (hereinafter IPI).

■ A trial court's determination as to the instructions to be given to the jury will not be disturbed absent an abuse of discretion. The test for determining whether the trial court abused its discretion in instructing the jury is whether the instructions, when considered as a whole, are clear enough to avoid misleading the jury and whether they fairly and accurately state the applicable law. See *Winston v. Chicago Transit Authority*, 2 Ill. App. 3d 151, 276 N.E.2d 65 (1971); *Chakos v. Illinois State Toll Highway Authority*, 169 Ill. App. 3d 1018, 524 N.E.2d 615 (1988). As a general rule, a judgment will not be reversed where the jury instructions are faulty unless they mislead the jury and the complaining party suffered prejudice. See *Dabros v. Wang*, 243 Ill. App. 3d 259, 611 N.E.2d 1113 (1993).

■ Each litigant has the right to have submitted to the jury instructions which inform the jurors of the issues presented, the principles of law to be applied, and the necessary facts to be proved in support of a verdict. *Winston*, 2 Ill. App. 3d 151, 276 N.E.2d 65. The purpose of the issues instruction is to inform the jury of the plaintiff's claims and the defendant's responses. Illinois's civil pattern jury instruction No. 20.01 requires both the plaintiff and the defendant to "set forth in simple form without undue emphasis or repetition" the allegations of the defendant's negligence and the plaintiff's contributory negligence. Illinois Pattern Jury Instructions, Civil, No. 20.01 (3d ed. 1995).

■ This requirement is not a recent one. It has long been held that the issues instruction must in a "clear, concise[,] and comprehensive manner inform the jury as to what material facts must be found to recover or to defeat a recovery." *Krieger v. Aurora, Elgin & Chicago R.R. Co.*, 242 Ill. 544, 548, 90 N.E. 266 (1909). It should be accomplished succinctly and without undue repetition or emphasis. See *Signa v. Alluri*, 351 Ill. App. 11, 19, 113 N.E.2d 475, 479 (1953). In order to allay any misconception that the trial judge, who was reading the instructions to the jury, was arguing in favor of one litigant over another, the practice of using repetitious and forensic phrases has been discouraged. See *McGourty v. Chiapetti*, 38 Ill. App. 2d 165, 179, 186 N.E.2d 102, 108 (1962); *Signa*, 351 Ill. App. 11, 113 N.E. 475. Instructions which misstate the law or which are inapplicable to the case or are otherwise confusing are properly refused. See *Krieger*, 242 Ill. at 548; *Winston*, 2 Ill. App. 3d 151, 276 N.E.2d 65; *Seibert v. Grana*, 102 Ill. App. 2d 283, 243 N.E.2d 538 (1968).

■ Judged by these principles, the challenged instruction was improper and prejudicial to plaintiff. Subparts (a) and (b) contain boilerplate allegations that are vague and conclusory. None of the allegations of contributory fault informed the jury of what material facts must be proven to establish that plaintiff was contributorily negligent. See *Signa*, 351 Ill. App. 11, 113 N.E. 475. The instruction was prejudicial because it allowed the jury to return a verdict for defendant without the requisite finding that some negligent act or omission by plaintiff caused or contributed to her injuries. See *Korpalski v. Lyman*, 114 Ill. App. 3d 563, 568, 449 N.E.2d 211, 215 (1983).

We also find that allegation (c) was misleading. It created confusion regarding plaintiff's status and the duty of care owed by defendant. Generally, in a premises-liability action, the landowner owes a duty of ordinary care to an invitee. However, in the case of a trespasser, generally the landowner will only be held liable for injuries that result from the landowner's willful and wanton conduct. See *Lee v. Chicago Transit Authority*, 152 Ill. 2d 432, 605 N.E.2d 493 (1992).

During the instructions conference, defense counsel affirmatively stated that he did not include allegation (c) in order to change the status of plaintiff from an invitee to a trespasser or to alter the duty owed by defendant. However, this could have been an unintended consequence. We note that the jury was given a specific instruction which defined the word "invitee." Considering both instructions, the jury could have erroneously interpreted allegation (c) to mean that once plaintiff entered into an area to which she was not invited, she was no longer an "invitee" on defendant's premises. There were no instructions to the jury regarding what, if any, duty was owed by a landowner

to a noninvitee. Further, the jury could have misinterpreted the allegation to mean that defendant could establish contributory negligence by merely showing that plaintiff entered an area to which she was not invited. Not only did the allegation create confusion regarding defendant's duty, but it also failed to inform the jury as to what material facts were required to establish contributory negligence.

As we read the record, defendant's theory of contributory negligence was based upon plaintiff's act of proceeding through an entry into a very dark area of a building with which she was unfamiliar. Allegation (c) unnecessarily complicated an otherwise simple issue of contributory negligence because it confused the concepts of trespass and invitee. See *Fravel v. Morenz,* 151 Ill. App. 3d 42, 502 N.E.2d 480 (1986); *Chakos v. Illinois State Toll Highway Authority,* 169 Ill. App. 3d 1018, 524 N.E.2d 615 (1988). We are confident that the defense can draft an issues instruction which sets forth its theory of plaintiff's negligence in a clear and succinct manner and without undue repetition or emphasis.

In our view, the issues instruction tendered by defendant was improper and prejudicial to plaintiff. We note that defendant did not file a cross-appeal or otherwise challenge the jury's finding regarding its negligence. Therefore, we reverse and remand this cause for a retrial on the issues of the plaintiff's contributory negligence and damages. On retrial, it may be necessary for the jury to hear evidence on the relative culpability of both plaintiff and defendant in order to determine what portion of the total negligence is attributable to defendant and what portion, if any, is attributable to plaintiff. Thus, while the jury's finding that defendant was negligent will stand, evidence of defendant's conduct may be necessary to allow the jury to apportion fault between defendant and plaintiff and fix damages.

■ In her next point, plaintiff alleges that the court should have directed a verdict for plaintiff on the issue of contributory negligence or entered a judgment notwithstanding the verdict. A directed verdict or judgment notwithstanding the verdict is only appropriate where all of the evidence, when viewed in a light most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based upon that evidence could ever stand. See *Pedrick v. Peoria & Eastern R.R. Co.,* 37 Ill. 2d 494, 229 N.E.2d 504 (1967).

■ In this case, defendant presented sufficient evidence to submit the issue of contributory negligence to the jury for consideration. Plaintiff had been inside the building two times prior to the day she fell. When she entered the dining room, she became confused as to which of two doors along the west wall led to the tanning room. She did not go back to the salon area to ask for assistance. When she

pushed open the door, she observed that the area ahead was very, very dark. She could not see the floor ahead of her. She proceeded to step through the doorway and fell. Taking all of the evidence and reasonable inferences in the light most favorable to the nonmoving party, we do not find that the evidence overwhelmingly favored plaintiff.

In support of her arguments, plaintiff points to the fact that the jury answered a special interrogatory finding that defendant was guilty of negligence which proximately caused the occurrence. This finding does not preclude the jury from finding that plaintiff's negligence also contributed to the occurrence and resulting damages. See *Korpalski*, 114 Ill. App. 3d 563, 449 N.E.2d 211; *Graves v. Wornson*, 56 Ill. App. 3d 873, 371 N.E.2d 692 (1978).

The record establishes the existence of substantial factual disputes regarding plaintiff's exercise of due care and the apportionment of fault. Whether the evidence establishes contributory negligence and what percentage of fault, if any, to attribute to plaintiff are fact questions for the jury to decide upon retrial. The trial court properly denied plaintiff's motions for directed verdict and judgment *n.o.v.* on the issue of plaintiff's contributory negligence.

■ In her final point, plaintiff contends that the trial court erred in failing to give a non-IPI instruction (plaintiff's No. 7) based upon section 332 of the Restatement (Second) of Torts (Restatement (Second) of Torts § 332 (1965)). Section 332 defines "public invitee" and "business visitor." Restatement (Second) of Torts § 332 (1965). In drafting this instruction, plaintiff cited the Restatement section verbatim but also included a separate paragraph in which she paraphrased a portion of Comment *l* of the official comments following this section of the Restatement. The court refused the instruction. Plaintiff then tendered another instruction, which deleted the "comment" paragraph. This instruction was accepted.

When considering a non-IPI instruction, trial courts are entitled to some latitude and exercise of judicial discretion. See *Fornoff v. Parke Davis & Co.*, 105 Ill. App. 3d 681, 434 N.E.2d 793 (1982). The test is whether the instructions, when considered as a whole, are clear enough so as to not mislead the jury and to fairly and accurately state the applicable law. See *Korpalski*, 114 Ill. App. 3d 563, 449 N.E.2d 211; *Chakos*, 169 Ill. App. 3d 1018, 524 N.E.2d 615. Where no prejudice is shown, the refusal to give an instruction cannot be deemed reversible error. See *Winston*, 2 Ill. App. 3d 151, 276 N.E.2d 65.

As we view the non-IPI instruction that was given, it was neither misleading nor argumentative. It stated the law accurately. The plaintiff was permitted to give the jury a non-IPI instruction that defined the term "invitee." Plaintiff has not cited any authority which

holds that it is an abuse of discretion for a trial court to refuse to include the official comments to a Restatement section when a jury instruction is based upon that Restatement section. *Trimble v. Olympic Tavern, Inc.*, 239 Ill. App. 3d 393, 606 N.E.2d 1276 (1993). More importantly, plaintiff has neither alleged nor demonstrated actual prejudice. Therefore, we find no abuse of discretion in refusing the instruction.

Accordingly, the judgment is affirmed in part and reversed, and the cause is remanded for a new trial on the issues of plaintiff's contributory negligence, if any, and damages.

Affirmed in part and reversed in part; cause remanded.

CHAPMAN and GOLDENHERSH, JJ., concur.