2024 IL App (1st) 231510-U

SECOND DIVISION
September 24, 2024

No. 1-23-1510

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| JEFFREY S. GOLDBERG, | ) | |
| | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| | ) | Cook County |
| v. | ) | |
| | ) | No. 2019 L 851 |
| M. SCOTT PECKLER, M.D., and | ) | |
| NORTH SUBURBAN SURGICAL | ) | Honorable |
| CONSULTANTS, LLC, | ) | Joan E. Powell, |
| | ) | Judge Presiding. |
| Defendants-Appellees. | ) | |

_____

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justice Van Tine and Justice McBride concurred in the judgment.

**ORDER**

¶ 1    *Held*: Affirmed. Trial court did not abuse its discretion in adopting defense version of issues instruction and rejecting plaintiff's proposed instruction.

¶ 2    After a surgery in 2012 to relieve persistent back pain, plaintiff Jeffrey Goldberg developed an abdominal hernia. He visited defendant, Dr. Scott Peckler, who recommended laparoscopic surgery to repair the hernia. In August 2012, Dr. Peckler performed the operation, but he accidentally cut Goldberg's aorta, requiring an emergent fix.

¶ 3    Goldberg sued Peckler and North Suburban Surgical Consultants, LLC in January 2019, alleging negligence against Dr. Peckler and vicarious liability against North Suburban. The jury

returned a verdict in favor of defendants.

¶ 4    Goldberg appeals. He claims the court improperly instructed the jury on negligence, tendering an instruction that generally summarized his allegations of negligence, compared to his own proffered version, which delineated those alleged acts in detail. We find no error and affirm.

¶ 5                                   BACKGROUND

¶ 6    We take the facts from the trial and, given the issue presented, we can be brief. Four witnesses testified: Goldberg, Dr. Peckler, and each side's expert. This suit concerns an operation Dr. Peckler performed on August 10, 2012. The procedure involved making a small incision in Goldberg's torso, then inserting the scope, or trocar, and performing the surgery. But while inside the torso, the trocar cut Goldberg's aorta.

¶ 7    The parties' respective experts differed, of course, over their opinion of Dr. Peckler's performance. Dr. Edward Felix, Goldberg's expert, testified that Peckler deviated from standard procedures by placing the trocar in a place inside the torso that left him with little visibility into where he was cutting. Dr. Peckler had inflated Goldberg's abdomen with carbon dioxide ($CO_2$) to help visualize the free space inside. But once Peckler could not see the free space even after inflating the abdomen, he should have stopped the procedure, Felix said.

¶ 8    Meanwhile, Dr. Peckler's expert, Dr. John Alverdy, concluded that Peckler's placement of the trocar was appropriate. And when Peckler realized that he had injured Goldberg's aorta, he appropriately controlled the bleeding until a trauma surgeon could arrive.

¶ 9    Dr. Peckler himself testified that, while he was performing the surgery, nothing indicated to him that he was moving the trocar in the wrong direction or in a dangerous place in the plaintiff's abdomen. But during the surgery, the anesthesiologist told him that Goldberg's blood pressure had dropped; Dr. Peckler then opened Goldberg's abdomen and discovered the

bleeding. He then stabilized the patient until a trauma surgeon arrived and repaired the aorta.

¶ 10     During a conference to sort out the jury instructions, each party submitted its own version of Illinois Pattern Instruction-Civil (IPI) No. 20.01, which explains the issues in a negligence case. Goldberg proposed an instruction that read:

"The plaintiff claims that he was injured and sustained damage, and that the defendants were negligent in one or more of the following respects:

(a) The defendants continued to cut and to advance the trocar inside the plaintiff when they could not discern the layers of tissue as they usually did and when the $CO_2$ did not put a space between the wall of the abdomen and the top of the intestines.

(b) The defendants chose to insert the trocar the first time in the anterior-axillary line rather than another location."

¶ 11     Dr. Peckler's instruction was significantly shorter: "The plaintiff claims that he was injured and sustained damage, and that the defendants were negligent in one or more of the following respects: Negligently performed hernia surgery resulting in injury to plaintiff's aorta."

¶ 12     Dr. Peckler argued that his proposed instruction was a more succinct way of summarizing the issue without unnecessarily emphasizing the particulars of Goldberg's argument. The trial court ultimately went with defendants' proposed instruction but advised Goldberg that he was free to fill in the details of Dr. Peckler's alleged lack of negligence during closing arguments.

¶ 13     The jury found for defendants. Goldberg filed a post-trial motion for a new trial, arguing that the court gave the wrong jury instruction on IPI No. 20.01. The court acknowledged that the trial presented a "close case" on liability but denied the motion, stating that it did not believe that the choice of the one version of IPI No. 20.01 over the other "was either confusing or

significantly made a difference or was in error."

¶ 14                                    ANALYSIS

¶ 15    On appeal, Goldberg focuses on a single issue: the trial court's decision to use Dr. Peckler's proposed IPI No. 20.01 issues instruction and not his. He argues that the instruction the court gave was too general, and that the court's comments that the case was "close" in post-trial proceedings illustrates that this error was prejudicial and warrants reversal.

¶ 16    Each litigant has a right to have the jury instructed in a way that presents the issues, the applicable principles of law, and their theory of the case. *Dillon v. Evanston Hospital*, 199 Ill. 2d 483, 505 (2002). In a civil case, the trial court is required to use an Illinois Pattern Jury Instruction when applicable, unless the court determines that the instruction does not accurately state the law under the circumstances of that case. *Schultz v. Northeast Illinois Regional Commuter R.R. Corp.*, 201 Ill. 2d 260, 273 (2002).

¶ 17    The tendering of instructions is within the trial court's discretion. *Mikolajczyk v. Ford Motor Co.*, 231 Ill. 2d 516, 549 (2008). On appeal, we ask whether, taken as a whole, the instructions fairly, fully, and comprehensively apprised the jury of the relevant law and claims. *Schultz*, 201 Ill. 2d at 273-74. An error will warrant a new trial only when it results in "serious prejudice to a party's right to a fair trial." *Heastie v. Roberts*, 226 Ill. 2d 515, 543 (2007).

¶ 18    We should emphasize at the outset that, while the circuit judge was considering which of the two proffered IPI instructions was the "better" fit for the case—the one most faithful and appropriate to the law and facts of the case and the easiest for the jury to understand—our task on appeal is different. On appeal, our job is not to pick the "better" of the two, but, as noted, to merely determine whether the instruction the court *did* tender, along with the others, fairly and fully explained the law and facts of the case. *Schultz*, 201 Ill. 2d at 273-74.

¶ 19    There can be no serious debate that the instruction tendered was an accurate statement of Goldberg's allegations at trial. The instruction stated that Goldberg was alleging that Dr. Peckler "[n]egligently performed hernia surgery resulting in injury to plaintiff's aorta." That is precisely what Goldberg alleged and tried to prove. We do not read Goldberg's brief as arguing otherwise.

¶ 20    Goldberg's complaint, instead, is that it lacked sufficient detail, that it gave the jury "*carte blanche* to speculate broadly if the defendants '[n]egligently performed' the operation in any manner." He argues that "[b]asic Illinois law requires that the [IPI No. 20.01] instruction *specify the acts and omissions* that the Court determines that the jury could consider to be negligent." (Emphasis added.) Our review of the law, however, does not support that conclusion.

¶ 21    The committee comments to IPI No. 20.00 favorably cite the 1953 decision of *Signa v. Alluri*, 351 Ill. App. 11 (1953), which held that instructions "should inform the jury of the issues raised by the pleadings in a clear and concise manner, and that this could be accomplished by a summary of the pleadings succinctly stated without repetition and without undue emphasis." Committee Comments, IPI 20.00; see *Signa*, 351 Ill. App. at 19-20.

¶ 22    In that vein, IPI 20.01 provides that the recitation of the plaintiff's allegations of negligence should be "[s]et forth in simple form without undue emphasis or repetition." IPI 20.01. The Committee Comment to IPI 20.01 provides that "[a]n issue instruction must meet the standards of *Signa v. Alluri* [citation], that the issues made by the pleadings be concisely stated without characterization and undue emphasis." Committee Comments, IPI 20.01.

¶ 23    That is in line with the case law, as well, following *Signa*. See, *e.g.*, *Howat v. Donelson*, 305 Ill. App. 3d 183, 187 (1999) (issues instructions should be drafted "succinctly and without undue repetition or emphasis."); accord *Meister v. Henson*, 253 Ill. App. 3d 619, 627 (1993); *E.J. McKernan Co. v. Gregory*, 252 Ill. App. 3d 514, 542 (1993); *Jeffers v. Weinger*, 132 Ill. App. 3d

877, 885 (1985).

¶ 24    Indeed, another line of cases has noted the danger of too much specificity in an issues instruction: " ' "explaining the ways in which [an] issue could be proven as part of the issues instruction gives undue emphasis to the plaintiff['s] theory." ' " *Lewis v. Cotton Belt Route—Saint Louis Southwest Railway Co.*, 217 Ill. App. 3d 94, 112-13 (1991) (quoting *Robinson v. Greeley & Hansen*, 114 Ill. App. 3d 720, 729 (1983), quoting *Herbolsheimer v. Herbolsheimer*, 46 Ill. App. 3d 563, 568 (1977)).

¶ 25    We note some irony here in that a *plaintiff* is complaining that the jury was given "carte blanche to speculate" as to the theories of negligence, when it is typically the defendant who complains that the issues instruction did not sufficiently rein in the jury. For example, in *Lewis*, 217 Ill. App. 3d at 111, the defendant complained, as does Goldberg here, that the issues instruction "submitted general rather than specific allegations of negligence," allowing the jury to go beyond the plaintiff's theory of negligence in rendering its verdict for the plaintiff.

¶ 26    The allegations of negligence in that instruction, even more general than ours here, were that the defendant "failed to provide the plaintiff with a reasonably safe place to work," "failed to provide sufficient personnel for the plaintiff to conduct his work in a reasonably safe manner," and "negligently struck the plaintiff with their cherry picker." *Id*. This court upheld the instruction, emphasizing that the issues instruction should present "a *summary* of the pleadings" (emphasis in original) and warning of the danger of too much specificity, which might unfairly emphasize the plaintiff's case. *Id*. at 112.

¶ 27    So we do not agree that the controlling law favors more, not less, specificity in issues instructions. Here, again, the tendered IPI No. 120.01 instruction told the jury that plaintiff's allegation was that Dr. Peckler "[n]egligently performed hernia surgery resulting in injury to

plaintiff's aorta." Aside from being entirely accurate, the instruction succinctly summarized Goldberg's theory without undue emphasis or repetition.

¶ 28　　We are not persuaded by Goldberg's cited case law. Our instruction is nothing like the "woefully incomplete and inaccurate roadmap" in *McQueen v. Green*, 2020 IL App (1st) 190202, ¶ 65, *rev'd*, 2022 IL 126666, a decision on which Goldberg relies. In that case, which notably did *not* concern an IPI No. 120.01 issues instruction, the jury instructions completely omitted an instruction on the burden of proof, completely omitted an instruction on willful and wanton conduct, and contained an instruction on vicarious liability that, in the appellate court's view, improperly truncated the last sentence of the relevant IPI instruction, IPI No. 50.01. *Id*.

¶ 29　　(We also note that Goldberg plays a bit loose when he cites the *McQueen* appellate decision as being reversed "on other grounds." In reversing the appellate court judgment, our supreme court disagreed with its holding regarding IPI No. 50.01 and held that the complaint of missing jury instructions had been forfeited, leaving very little left of the appellate court reasoning on instructional error. See *McQueen v. Green*, 2022 IL 126666, ¶¶ 49, 55.)

¶ 30　　Nor, for more than one reason, are we persuaded by *Howat*, 305 Ill. App. 3d 183, the principal case on which Goldberg relies. First, there were multiple problems in the issues instruction on contributory negligence, most notably that, by including the allegation that the plaintiff "entered an area of the premises to which she was not invited," the instruction misled the jury by falsely suggesting that the plaintiff was not an invitee onto the defendant's property and thus was not entitled to the requisite duty of care. *Id*. at 187. The allegation "unnecessarily complicated an otherwise simple issue of contributory negligence because it confused the concepts of trespass and invitee." *Id*. at 188. Yet another problem was the instruction as a whole "allowed the jury to return a verdict for defendant without the requisite finding that some

negligent act or omission by plaintiff caused or contributed to her injuries." *Id*. at 187.

¶ 31    And the most relevant portion of the *Howat* decision, for our purposes, gives us pause. The court criticized two general allegations of contributory negligence—that the plaintiff "failed to keep a proper lookout" and that she "failed to observe the conditions then and there present." *Id*. at 186. The court deemed these allegations "vague and conclusory." *Id*. at 187.

¶ 32    Yet, as defendants here note, the pattern jury instruction for IPI No. 20.01, itself, after directing the parties to "set forth in simple form without undue emphasis or repetition" the allegations of negligence, gives one and only one example of a proper allegation for illustrative purposes: "failing to keep a proper lookout." IPI No. 20.01. We are hard-pressed to reconcile *Howat*'s rejection of this allegation with the fact that the pattern instructions singled it out, for all to see, as the one example of a proper allegation in an issues instruction. And given the decisional law we have cited above, we simply cannot agree that such allegations as "failing to keep a proper lookout" would be rejected as vague or conclusory or improper in any other way. Nor have other courts reviewing that same allegation. See *O'Brien v. Hertl*, 238 Ill. App. 3d 217, 222 (1992); *Guy v. Steurer*, 239 Ill. App. 3d 304, 313 (1992).

¶ 33    Goldberg additionally argues that the issues instruction was vague, in that it did not define "negligent," and circular, in that it repeated a form of that word in both the introduction and in the body of the specific allegation. As for the definition, the jury was given an instruction that defined "professional negligence," IPI 105.01. Reviewing the instructions as a whole, as we must (*Schultz*, 201 Ill. 2d at 273-74), the jury was given the appropriate definition.

¶ 34    As for circularity, we would agree that it is a bit redundant to state that "the defendants were negligent in one or more of the following respects: Negligently performed hernia surgery resulting in injury to plaintiff's aorta." The adverbial form was unnecessary. But this is a civil

lawsuit, not English class. We cannot seriously fear that the jury was confused by this language.

¶ 35    Though we need not say more, we would add that, even if we found error here in the giving of the instruction, that error would not have risen to the level of "serious prejudice" to warrant a new trial. *Heastie*, 226 Ill. 2d at 543. As the trial court noted, Goldberg was free to fill in the details of Dr. Peckler's alleged negligence during closing arguments and, in fact, did so. Each side thoroughly discussed the finer-grained details of the actions of Dr. Peckler during the surgery. And while few medical negligence cases are simple, this one was rather straightforward in terms of the allegations of negligence. We reject any notion that the jury was left wading aimlessly in the dark, unaware of what Goldberg was claiming as his theory of the case. For this reason as well, we find no basis for a new trial.

¶ 36                                CONCLUSION

¶ 37    The judgment of the circuit court is affirmed.

¶ 38    Affirmed.